■ LAKEN REALTY CORP., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 48814.) — Appeal from an order of the Court of Claims, entered September 23, 1970, which granted a motion to permit the engagement of an additional appraiser and the filing of a supplemental appraisal. On December 5, 1965 the State of New York appropriated land owned by claimant in the Town of Newburgh, Orange County. The claim was filed October 20, 1967 and in September of 1969 appraisals were exchanged and both parties answered the case as ready for trial. In June, 1970, when the case was reached for trial, claimant's attorney withdrew. The trial was accordingly postponed and interest was suspended. On July 28, 1970 claimant moved for an order permitting it to file a new appraisal in place of the one previously submitted, alleging that it had not been adequately consulted and represented by its original attorney,

it no longer had an appraiser, the appraisal was insufficient, and its new attorney would not proceed without a new appraisal prepared by an appraiser of his own choosing. The Court of Claims, treating the motion as one to permit the engagement of an additional appraiser and to permit the filing of his appraisal, granted the motion. The State contends that the granting of the motion was an abuse of discretion. Rule 25-a of the Rules of the Court of Claims (22 NYCRR 1200.27) requires the exchange of appraisals within six months after the filing of the claim, with extensions available for unusual and special circumstances. Within 60 days after such exchange, any party may apply for permission to file and serve an amended or supplemental appraisal to correct errors or add pertinent material. Further, at any reasonable time before trial, a party may be relieved from the requirements of the rule if it can show " unusual and substantial circumstances which if not remedied would cause undue hardship ". The purpose of rule 25-a is to liberally and freely permit the filing of appraisals within the six-month period following the filing of the claim, but to impose rigid standards for the filing of appraisals after that period and the exchange of appraisals between the parties (*Leider* v. *State of New York*, 36 A D 2d 788; *Finger* v. *State of New York*, 36 A D 2d 655; *Farrington* v. *State of New York*, 33 A D 2d 731, mot. for lv. to app. dsmd. 27 N Y 2d 531). In *Farrington* v. *State of New York* (*supra*), claimant had become dissatisfied with the valuations of her initial appraiser. She therefore obtained new attorneys and instructed them to obtain the services of a new appraiser. The new appraiser produced a higher valuation and claimant brought a motion to have the new appraisal either replace or supplement the prior one. The Court of Claims denied the motion. On Appeal, this court, in affirming the Court of Claims, stated : " To sanction what claimant has sought to do here could only be expected to promote the seeking of new attorneys and appraisers every time a claimant decides he is unhappy with a filed appraisal and would not only be contrary to the purpose of rule 25-a but could mark its demise. Similarly, the alleged denial of due process by depriving her new attorneys of the opportunity to collaborate with the new appraiser, with the result presumably that she will be unable to prove damages adequately, cannot be sustained under scrutiny. First, there is no proof in either the record or claimant's brief to indicate that the initial appraiser will not co-operate at the trial and testify according to the appraisal he prepared. There is only claimant's statement to that effect. This court cannot presume the truth of such a statement without additional data (such as an affidavit from the appraiser indicating his unwillingness to participate) for to so assume would be to presume that this man is so unprofessional or unethical as to be unwilling to stand behind his work despite disagreements as to its worth. Secondly, a denial of claimant's motion does not prevent collaboration between her new attorneys and the second appraiser. He may fully collaborate and even testify so long as his testimony is limited to values which do not go beyond those in the initial appraisal." (*Farrington* v. *State of New York, supra*, p. 731.) Although the determination of whether relief is to be granted is within the discretion of the Court of Claims, that court must be mindful of the requirement under the pertinent portion of rule 25-a that the party seeking relief must show unusual and substantial circumstances which would cause undue hardship if not remedied. It must also not forget that the standard is a rigid one; one to be strictly enforced so that the purpose of the rule is not subverted (*Leider* v. *State of New York, supra*; *Farrington* v. *State of New York, supra*). Examining the present case, it is found that the above standard was not properly applied. As in *Farrington*, there is no proof

here that the initial appraiser will not co-operate at the trial; therefore it cannot be said that the claimant is without an appraiser. Further, claimant is in no way precluded from obtaining a second appraiser who may fully collaborate with its new attorney and who may testify, so long as such testimony is limited to values which do not go beyond those in the initial appraisal. To permit the filing of a new or supplemental appraisal here would be contrary to the purposes of rule 25-a, and the granting of the motion by the Court of Claims was an abuse of its discretion. Order reversed, on the law, and motion denied, with costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur.