■ Howard T. Hogan et al., Respondents, v. State of New York, Appellant. (Claim No. 51179.) — Appeal from an order of the Court of Claims, entered September 21, 1973, which denied the State's motion for permission to file an additional apprasial report. On an earlier appeal [41 A D 2d 428], we reversed a judgment of the Court of Claims awarding claimants the sum of $840,000 plus interest for the appropriation of approximately 8.80 acres of their property, and ordered a new trial (*Hogan* v. *State of New York,* 41 A D 2d 428). Subsequently, the State made an application for permission to file another appraisal report pursuant to rule 25a of the Court of Claims (22 NYCRR 1200.27). The affidavit supporting the application merely stated " that it would be in the best interest of the People of the State of New York to retain another appraiser for the purpose of preparing a written appraisal pursuant to Rule 25a of this court for presentation of the defendant's estimate of the damages sustained as a result of the appropriation set forth in the claim herein." In order to warrant the exercise of discretion by the Court of Claims in granting leave to file additional appraisal reports, the party must show "unusual and substantial circumstances, which if not remedied would cause undue hardship." (22 NYCRR 1200.27 [d] [2].) The standard is a rigid one and requires strict enforcement so that the purpose of the rule is not subverted (*Laken Realty Corp.* v. *State of New York,* 37 A D 2d 885). The State has failed to meet its burden of proof and it cannot be said that the Court of Claims abused its discretion in denying the motion. Our prior decision does not necessarily direct a trial *de novo,* but requires that the Judge of the Court of Claims permit the parties to introduce evidence as to the reasonable probability of a zoning change at the time of the appropriation together with expert analysis of such evidence upon market value, and for the court to decide what effect such evidence would have upon the highest and best use of the premises as of the time of the appropriation and to determine the resulting value of the appropriated property as of the date of the taking. Order affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Sweeney and Kane, JJ., concur.