■ CARPARELLI BROS., INC., Respondent, v. STATE OF NEW YORK, Appellant. — Judgment unanimously modified, on the law and facts, in accordance with memorandum and as modified affirmed, without costs. Memorandum: Claimant leased premises on Campion Road in the Village of New Hartford. The building and land, which it used to store and repair its equipment and some supplies, were used in conjunction with the company's ready mix concrete and building supply business, the main office and plant of which was located on another leased site 300 feet east and on the opposite side of the road. Originally claimant sought damage for a *de facto* taking, for direct damages resulting from the loss of 13 months remaining on its lease of the garage, and for consequential damages to the main office and plant premises located on the other side of the road. The Court of Claims dismissed the claim for *de facto* taking and consequential damages. Claimant does not appeal those decisions. The court awarded $7,200 damages for the direct taking. The garage contained 7,200 square feet, was built for the tenant and leased to him for 10 years at $1 per square foot. Claimant did not have an option to renew the lease and either party could cancel the lease on six months notice upon payment of $7,200 in liquidated damagss to the other. The traditional measure of damages for appropriation of a leasehold interest is the difference between the rent reserved (in this case $1 per square foot) and the economic rent or what the property is currently worth on the market (*Great Atlantic & Pacific Tea Co.* v. *State of New York*, 22 N Y 2d 75, 84; *William E. Mathias, Inc.* v. *State of New York*, 41 A D 2d 595; but, see, 4 Nichols on Eminent Domain [3d ed.], § 12.42 [3], p. 12–521). The Court of Claims apparently rejected this well-established rule and relied solely upon the liquidated damages. The liquidated damages due to a lessee upon cancellation may constitute an upper limit to any award for damage to the lessee by reason of the loss of his leasehold but they cannot be used as the sole measure of damages (*Matter of the City of New York* [*Bronx Riv. Expressway-Banner Oil Co.*], 282 App. Div. 925, affd. 308 N. Y. 782). Nevertheless, the record contains evidence and findings upon which an award may be based (*Motsiff* v. *State of New York*, 32 A D 2d 729, affd. 26 N Y 2d 692). The evidence of the claimant's appraiser established that there was a demand for rental property in the area and that rents generally increased during the term of the lease from 1958–1967, the last year being the year of the appropriation. He determined a 4% per year increase and thus, during the nine years of the subject lease, he considered there was a 36% increase in rents. While the State's appraiser denied that there had been any increase, it is noticeable that his own comparables

reflect an increase in rental for that time, particularly with respect to other property on Campion Road. Claimant's appraiser also credited the property with 12% increase for improvements made at the sole expense of the lessee. This was an allowable adjustment (*Clarkson* v. *Skidmore*, 46 N. Y. 297, 302–303; *Matter of City of New York* [*127–129 Water St. Corp.*— *Gillies Coffee Co.*], 19 A D 2d 44, 47–48). Claimant's appraiser made very high adjustments to the lease property because of its location near the main plant. These were not proper considerations in evaluating direct damages to this leasehold. Applying the allowable adjustments to the rent reserved on the subject premises, the economic rent at the time of appropriation becomes $1.48 per square foot. Based upon the other comparables used and the original construction of the building for claimant's purposes and its suitability, therefore, a reasonable rental of $1.50 per square foot would appear to be proper. By applying time and present worth factors, the damages may be computed to $3,625.20, rounded to $3,625. (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Marsh, P. J., Witmer, Simons, Mahoney and Goldman, JJ.