■ COUNTY OF RENSSELAER, Respondent, v. MECHANICVILLE GOLF CLUB, INC., Appellant; BERNARD DI SIENA et al., Defendants. (Appeal No. 1.) COUNTY OF RENSSELAER, Respondent, v. MECHANICVILLE GOLF CLUB, INC., Appellant; BERNARD DI SIENA et al., Defendants. (Appeal No. 2.) — Appeal from an order of the County Court, County of Rensselaer, at Special Term, entered November 8, 1973 in Rensselaer County, which denied a motion for summary judgment in favor of defendant-appellant, Mechanicville Golf Club, Inc. Appeal from an order of the County Court, County of Rensselaer, at Special Term, entered October 11, 1973 in Rensselaer County, which granted plaintiff a one-day extension until October 12, 1973 to procure and file its appraisal report pursuant to subdivision (e) of special rule 839.3 (22 NYCRR 839.3 [e]) of the Appellate Division, Third Department. The underlying action arose from the appropriation by the plaintiff, County of Rensselaer, of certain lands owned by the defendants, for the purpose of widening a county highway. Commissioners of Appraisal were appointed for the purpose of ascertaining and determining the compensation to be paid to the owners of the land (Highway Law, §§ 120, 121). Negotiations to settle the claims of the owners proved fruitless. Thereafter, the defendant club filed an appraisal report on January 11, 1973, the last day for such filing, pursuant to an order of the Supreme Court extending the time for filing. The county failed to file its appraisal report within the prescribed time. On September 12, 1973, defendant club moved for summary judgment against the county on its appropriation claims or, alternatively, for an order directing the Commissioners of Appraisal to meet for the purpose of hearing the parties to the claims. Subsequently, the county moved for an order, pursuant to subdivision (e) of special rule 839.3 of the Appellate Division, Third Department, extending the time within which it could file its appraisal report for a period of 60 days. On October 11, 1973, the county's motion was granted; however, the extension of time for filing was

limited to one day. Once again, the county failed to file its appraisal report. On November 8, 1973, defendant club's motion for summary judgment was denied and the Commissioners of Appraisal were directed to meet on November 28, 1973 for the purpose of hearing the parties to the subject condemnation claims. Both orders of the court were cross-appealed; however, on defendant club's motion, the county's appeals were dismissed. Defendant contends that since the county failed to file an appraisal report and is now precluded by the special rule of this department from offering any appraisal testimony on the question of value, no question of fact remains to be determined and summary judgment should have been granted. We find this argument unpersuasive. The Commissioners of Appraisal have the duty of determining the amount of compensation to be paid to the owners of the appropriated land (Highway Law, § 122). While their determination cannot be without any support in the record, in making it the commissioners are not bound by the opinions of expert witnesses but may use their own judgment, tempered by experience, as well as information obtained by personal inspection of the appropriated property (*Matter of Huie* [*Fletcher — City of New York*], 2 N Y 2d 168; *City of Ithaca* v. *Ray*, 35 A D 2d 625). Therefore, although the county is precluded from offering any appraisal testimony, the commissioners are not bound to accept defendant club's appraisal testimony which remains subject to cross-examination. A question of fact exists as to the amount of compensation to be awarded, and the denial of summary judgment was therefore proper. The appeal from the order granting an extension of time to file an appraisal report is moot and is dismissed as such (cf. *Matter of Donohue* v. *Cornelius*, 17 N Y 2d 390). Since no such report was filed, the position of the parties has remained unchanged. Order, entered November 8, 1973, affirmed, without costs. Appeal from order entered October 11, 1973 dismissed as moot, without costs. Herlihy, P. J., Cooke, Kane, Main and Reynolds, JJ., concur.