J. Raymond Amyot, J.
The plaintiff in this condemnation proceeding moves for an order confirming the report of the commissioners which determines the full value of the realty condemned to be $143,102.96, all of which is awarded as damages to the owners of the subject premises and no part of which is allocated to the tenants.
The premises in question consist of improved commercial realty in the City of Amsterdam owned by the defendants Ellis L. Jacobson, Henry S. Jacobson and Samuel Seigal, testamentary trustees of a testamentary trust for the estate of Samuel Jacobson, deceased (hereinafter referred to as Jacobson) and partially occupied by the defendant the Firestone Tire & Rubber Co. (hereinafter referred to as Firestone) pursuant to two leases which, at the time of taking, had 13 Vi years to run including two 5-year renewal options.
The owners cross-move for an order rejecting and setting aside the report, or in the alternative, for an extra allowance of 5% of the award if the same shall be confirmed.
The defendant Firestone, a tenant, moves to reject and set aside the award.
The other named defendants, who were tenants prior to the taking have not appeared in this proceeding and make no application for relief.
At the conclusion of all of the proof heard pursuant to the judgment of condemnation the commissioners filed a report which inter alia determined that the defendant Firestone "has failed to prove its case for any payment and consequently has suffered no damages that we can assess” and "has failed to prove any damages.”
The determination that Firestone was entitled to no damages was arrived at by the commissioners for the stated reason that the report of Firestone’s appraiser, which was filed and exchanged pursuant to the Third Judicial Department special rule dealing with proceedings in eminent domain (22 NYCRR 839.3 [a]), failed to use any adjusted rental compa *871 rabies and therefore the testimony of that appraiser concerning the economic or bonus value of the lease was excluded.
While it is true that such testimony without foundation in the appraisal report is inadmissible as affirmative proof (22 NYCRR 839.3 [d]), it does not necessarily follow that a tenant whose appraisal is insufficient and defective is entitled therefore to no compensation for the damages resulting to him by the taking. Such damages may be evaluated and assessed on the evidence of the other appraisers and from additional factors which may be taken into consideration, such as: the terms and conditions of the lease favorable to the tenant; the nature and location of the demised premises; the unexpired term remaining on the tenancy; the availability of extensions by renewal options; past, present and prospective economic conditions in the area; plus information obtained by the personal inspection of the premises by the commissioners as well as their own judgment and experience. (Matter of Huie [Fletcher-City of New York], 2 NY2d 168; Great Atlantic & Pacific Tea Co. v State of New York, 22 NY2d 75, 84; County of Rensselaer v Mechanicville Golf Club, 45 AD2d 912; Carparelli Bros. Inc. v State of New York, 44 AD2d 903; Irv-Ceil Realty Corp. v State of New York, 43 AD2d 775; Matter of City of New York [Delancey St.], 120 App Div 700, 706.)
The commissioners erred in concluding that no damages could be assessed in favor of the defendant Firestone simply because the appraisal report filed on its behalf failed to list comparables. That failure alone did not establish that the tenant "has failed to prove any damages” or "has failed to prove its case for any payment”. The function of the commissioners was to "ascertain and determine the compensation which ought justly to be made by the plaintiff to the owners of the property appraised by them”. (Condemnation Law, § 14.) The determination of that compensation is to be ascertained from all proof and evidence before the commissioners. There is not presented the problem of "proving a case” or "proving damages” by either the plaintiff or the defendant. The proceeding is not in truth of an adversary nature. There is no burden of proof as that term is traditionally understood. (Newburgh Urban Renewal Agency v Williams, 79 Misc 2d 991.) Rather, by statute a duty is imposed on the commissioners to "view the premises * * * hear the proof and allegations of the parties * * * and after the testimony in each case is closed * * * ascertain and determine the compensation which *872 ought justly to be made by the plaintiff to the owners of the property appraised by them”. (Condemnation Law, § 14.) It is from the totality of the proof and evidence before the commissioners that the compensation to which the property owner is entitled must be "ascertained and determined”.
In the report under attack the commissioners have denied compensation to the defendant Firestone without reference to all the factors which they were required to consider. They instead relied on the technical inadequacy of a pretrial procedure which did no more than limit the tenant’s affirmative proof. That infirmity did not, in and of itself, preclude compensation, if in fact other elements of damages properly before the commissioners warranted an award.
The motions of the defendants to set aside the report for irregularities and errors in law are granted and the matter is remanded for a rehearing before the same commissioners. At such .rehearing the commissioners may consider the proof and evidence already received, such additional proof or evidence as they require and such further arguments and memoranda of authority as the parties desire to submit. An amended report shall be filed which, with regard to the services rendered and compensation claimed by the commissioners, shall set forth details as suggested by Matter of Maguire (LaPenna) (50 AD2d 241) and by the cases cited therein.