■ In the Matter of CITY OF TROY, Petitioner, v BOARD OF ASSESSORS, TOWN OF PITTSTOWN, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered September 18, 1974 in Rensselaer County, which (1) denied a motion by appellant for an order (a) precluding petitioner from offering appraisals or testimony as to value of the property in question for the years 1967 and 1970 through 1972 and (b) granting summary judgment dismissing the proceedings for those years, and (2) ordered petitioner to submit updated appraisals for the years in question. This is a consolidated proceeding combining real property tax review proceedings for the years 1967, 1968, 1970, 1971 and 1972. On January 17, 1972 petitioner, City of Troy, filed its appraisal report, intending it to be an appraisal for the years 1967-1972. The report, however, stated that it applied to an estimate of value as of May 1, 1967, so that it would be applicable only to the year 1968. The effect of the order appealed from is to permit petitioner to file reports for the remaining years in question. Under subdivision (e) of section 839.3 of the Rules of Practice of the Third Judicial Department (22 NYCRR 839.3 [e]) "the court may, upon good cause shown, relieve a party of a default in filing a report [or] extend the time for filing reports * * * upon such conditions as the court may direct." We do not find that Special Term abused its discretion in this case in finding good cause for extending petitioner's time to file the reports in question. Order affirmed, without costs. Greenblott, J. P., Mahoney, Main, Larkin and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD E. DURGIN, JR., Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered April 12, 1974, convicting defendant, upon a plea of guilty, of the crime of robbery in the first degree. The sentence of an indeterminate term of not more than six years for armed robbery cannot be said to amount to a clear abuse of discretion (People v Dittmar, 41 AD2d 788; People v Caputo, 13 AD2d 861). Nor do the mandatory sentence provisions of section 70.00 of the Penal Law violate the Eighth or Fourteenth Amendment of the Constitution (People v Broadie, 37 NY2d 100). The logic in Broadie is equally applicable to convictions for armed robbery as for drug felonies. Judgment affirmed. Koreman, P. J., Kane, Main, Herlihy and Reynolds, JJ., concur.