Lawrence E. Kahn, J.
This is a real property tax assessment review proceeding brought by petitioners, G.T.I. Company (MID-HUDSON) against respondents, the Assessor and the Assessment Board of Review of the City of Kingston, New York. This proceeding has been brought under article 7 of the Real Property Tax Law. Petitioners seek a reduction in the assessment of certain property owned by them, namely, Kingston Daily Freeman newspapers publishing plant located at 79 Hurley Avenue, Kingston, New York.
The immediate question before the court has been brought on by an order to show cause of respondents. The respondents seek an order granting them leave to file an appraisal report in the above action. Petitioner’s oppose the grant of such an order.
The applicable laws and facts are as follows. 22 NYCRR 839.3 provides in part that:
"(a) In all proceedings for the determination of the value of property taken pursuant to eminent domain, and in all proceedings for the review of tax assessments on real property where value is in issue, the attorneys for the respective parties shall file with the administrative judge of the judicial district in which the proceedings are pending, one copy (or, in the event that there are two or more adversaries, a copy for each adversary), of a report of each appraiser whose testimony is intended to be relied upon at the trial, with proof of service upon each adversary of a notice of the filing of such reports, and proof of the date of service of the petition therein. Such appraisal reports shall be filed no later than six months after service of the petition * * *
“(d) Upon the trial of the proceedings, all parties shall be limited in their affirmative proof of value to matters set forth in their respective appraisal reports. Any party who fails to file an appraisal report as herein required shall be precluded from offering any appraisal testimony on value.
“(e) Upon the application of any party upon such notice as *808 the court in which the proceedings is pending shall direct, the court may, upon good cause shown, relieve a party of a default in filing a report, extend the time for filing reports or allow an amended or supplement report to be filed upon such conditions as the court may direct. No such application shall be entertained after the trial of the issue shall have begun, except in extraordinary circumstances.”
22 NYCRR 839.3 was adopted pursuant to CPLR 3140 which provides for disclosure of appraisals for condemnation, appropriation or review of tax assessments.
CPLR 3140 provides that: "Notwithstanding the provisions of subdivisions (c) and (d) of section 3101 [CPLR], the appellate division in each judicial department shall adopt rules governing the exchange of appraisal reports intended for use at the trial in proceedings for condemnation, appropriation or review of tax assessments.”
This review proceeding was begun by service of a notice of petition on respondents on August 28, 1975. As noted in 22 NYCRR 839.3, appraisal reports must be filed with the Administrative Judge no later than six months after service of petition. Failure by a party to file such a report within the applicable time period precludes that party from offering any appraisal testimony as to value. Default in filing may be relieved only upon good cause shown.
Because the proceeding was commenced on August 28, 1975, the six-month period came due February 28, 1976. Petitioner filed its appraisal report on February 24, 1976. As of this time, respondent has still not filed its report, but now seeks to be relieved from default so that they can file their report and be permitted to offer evidence as to value at the main trial.
Respondents allege that good cause is present in this case to relieve default. They allege that they retained a real estate appraiser to appraise this property and others. This appraiser did not perform these appraisals despite respondent’s alleged efforts to have these appraisals done. Respondents allege that their failure to timely file an appraisal report was caused by the default of said appraiser to do such work. They allege that they then retained one Gerald Griffin, Jr., to appraise the subject property and other properties and that the appraisal report was finally completed as of July, 1976.
Petitioners counter by alleging that such report still remains delinquent and that the facts alleged by respondents do *809 not satisfy the requirement of "good cause” necessary to relieve default.
This court holds that respondents shall be relieved from default although it does not sanction the course of conduct followed by respondents in this proceeding.
This section must be and has been construed liberally. If such relief were not permitted, great prejudice would result to respondents in that they would be unable to provide any evidence as to value at trial. Little prejudice results to petitioners by permitting respondents to file such report except to allow both parties their day in court. One must note that if respondents are precluded from filing its appraisal report, it is the city taxpayers who shall be adversely affected. At the same time, this court feels compelled to comment upon the apparent dilatory tactics of “respondents. Respondents had appraisal reports completed by July, 1976 yet failed to make a motion to be relieved from default until just before commencement of an October trial date.
The delaying action of respondents in filing this report or in making a prompt motion for relief from default comes very close to defeating the purpose of 22 NYCRR 839.3 and the goal of timely and full disclosure. However, in balancing the equities involved and after careful consideration of the facts and circumstances herein, this court feels constrained to permit relief from default in this court. Respondents shall make these appraisal reports available to the Administrative Judge and to petitioners within then 10 days of the date of this order. Failure to do so shall preclude any further relief from said default.