■ AMSTERDAM URBAN RENEWAL AGENCY, Appellant, v ELLIS L. JACOB-SON et al., as Testamentary Trustees of Trust for the Estate of SAMUEL JACOBSON, Deceased, Appellants, and FIRESTONE TIRE & RUBBER COMPANY, Respondent, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered July 8, 1977 in Montgomery County, which granted respondent's motion for permission to file a supplemental appraisal report. The underlying controversy herein centers upon the condemnation of a certain premises owned by appellants Ellis L. Jacobson, Henry S. Jacobson and Samuel Seigal and partially leased by respondent Firestone Tire & Rubber Company (hereinafter, Firestone). Following a trial before three commissioners, it was determined by said commissioners that the subject property had a full value of $143,102.96, all of which was awarded to the owners. Firestone, which as a tenant was awarded no damages, subsequently moved at Special Term for an order rejecting and setting aside the commissioners' report, as did the owners, and the court granted these motions because of irregularities and errors in law and remanded the matter for a rehearing before the same commissioners *(Amsterdam Urban Renewal Agency v Jacobson,* 85 Misc 2d 869). Thereafter, Firestone made application, pursuant to rule 839.3 of the special rules of practice of this court (22 NYCRR 839.3), for permission to file a supplemental appraisal for the consideration of the commissioners, and its request was granted in the order which is challenged on this appeal. We hold that the order appealed from must be reversed. Pursuant to 22 NYCRR 839.3 cited above, permission to file an amended or supplemental appraisal may be granted "upon good cause shown" and where, as here, the trial of the issue has begun, said permission may not be granted "except in extraordinary circumstances". In the present instance, the record is barren of any evidence of good cause or extraordinary circumstances which would justify permitting Firestone to file a supplemental appraisal. While it concededly developed at the first trial that the initial report submitted by Firestone's appraiser was inexpertly and inadequately prepared so as to limit the proof which Firestone could offer at the trial, this factor alone clearly does not provide a sufficient basis for Special Term's grant of Firestone's application (cf. *Binghamton Urban Renewal Agency v Levene,* 34 AD2d 241; see, also, *Laken Realty Corp. v State of New York,* 37 AD2d 885). In so ruling, we would point out that our

holding herein does not leave Firestone without a remedy. As Special Term stated in setting aside the initial award, upon the rehearing the commissioners may consider the evidence of the other appraisers and additional factors, such as the terms and conditions of the lease involved, in determining the amount of Firestone's damages *(Amsterdam Urban Renewal Agency v Jacobson, supra;* see, also, *Irv-Ceil Realty Corp. v State of New York,* 43 AD2d 775). Order reversed, on the law and the facts, without costs. Mahoney, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.