In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, v STATE BOARD OF EQUALIZATION AND ASSESSMENT, Appellant, and VILLAGE OF PLEASANTVILLE et al., Intervenors-Appellants.

Third Department, December 3, 1981

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Vernon Stuart* and *Shirley Adelson Siegel* of counsel), for appellant.

*Ernest J. Williams, Wien, Lane & Malkin (Mark S. Tulis* of counsel), for respondent.

*Whiteman, Osterman & Hanna (Michael Whiteman* of counsel), for Westchester Municipalities, intervenors-appellants.

*Allen G. Schwartz, Corporation Counsel (John P. MacArthur* of counsel), for City of New York, intervenor-appellant.

HERLIHY, J.

Petitioner Consolidated Edison Company of New York, Inc., a public utility corporation, commenced this proceeding pursuant to article 7 of the Real Property Tax Law to challenge the assessments levied by the respondent State Board of Equalization and Assessment (SBEA) against its special franchise properties which are valued by its own estimates at over $2,000,000,000. SBEA, which has the exclusive power to determine the assessed valuation of all special franchise property located in this State (Real Property Tax Law, § 600), was the respondent in the proceedings at Special Term. The City of New York and numerous other municipalities in which the subject properties are located were granted the status of intervenors-respondents.*

Pursuant to special rule 839.2 of this Department (22 NYCRR 839.2), petitioner, SBEA and the City of New York have exchanged appraisals. SBEA employed a reproduction cost new less depreciation (RCNLD) method of valuation. The appraisals filed by the City of New York, in part, look to income derived from the property and were allowed to be filed two years beyond the usual statutory filing limitation of six months from service of the petition. Petitioner submitted two appraisals based on the capitalization of income method, the original cost method, or a combination of both. Its failure to submit an appraisal employing the RCNLD method led to SBEA's and the intervenors-respondents' motions for summary judgment.

The intervenor municipalities and SBEA claimed at Special Term that as the Rules of the Third Judicial Department (22 NYCRR 839.2 [d]) limit "affirmative proof of value to matters set forth in [the parties'] respective appraisal reports", petitioner would be unable as a matter

---

* This is not the first time this proceeding, a consolidation of 168 proceedings brought by petitioner, has come before this court. In *Matter of Consolidated Edison Co. of N.Y. v State Bd. of Equalization & Assessment* (60 AD2d 356), this court found that petitioner had pursued relief in its complaint before SBEA on the ground of inequality and was therefore not precluded from resort to the courts for failure to seek administrative redress. In yet another appeal *(Matter of Consolidated Edison Co. of N.Y. v State Bd. of Equalization & Assessment,* 73 AD2d 31, affd 53 NY2d 975), this court found that a cause of action for improper assessment could be properly addressed in an allegation of inequality.

of law to prove improper valuation. They assert that the only proper valuation method is the RCNLD method, and without such an appraisal, petitioner is unable to establish the impropriety of their valuations. Petitioner maintained, and still maintains, that SBEA's method of valuation and the valuation itself were improper.

Special Term, in denying these motions, held that there was a sufficient factual issue generated to defeat the motions for summary judgment and granted petitioner's cross motion for permission to submit supplemental appraisals based on the RCNLD method of valuation (101 Misc 2d 910). Special Term found that petitioner satisfied the "upon good cause shown" requirement contained in 22 NYCRR 839.2 (e) for the late filing of appraisals.

On this appeal, intervenors-respondents and SBEA argue that the "good cause" condition was not satisfied. The parties also disagree as to the scope of this appeal. Respondents, to that end, have also made a motion to strike certain portions of petitioner's brief relating to the proper method of valuation as being outside the issues properly before this court for determination.

We first take up the question of whether this appeal calls for a determination as to the proper valuation method to be applied to petitioner's special franchise. We conclude that it does not. A court, in cases challenging tax assessments, can determine whether the specific valuation method employed was reasonable, but it cannot replace that method by one of its own choosing (*People ex rel. Jamaica Water Supply Co. v State Bd. of Tax Comrs.,* 196 NY 39, 51). The sole duty of the court in this proceeding ultimately will be to determine whether the SBEA assessment method was correct in form and application. That ultimate issue is not now before us. Furthermore, we find no necessity to strike any portions of petitioner's brief as requested and deny respondents' motion for such relief.

The contention that Special Term improperly allowed petitioner to file supplemental appraisals has merit.

The special rule under consideration was adopted pursuant to CPLR 3140 which authorizes each Appellate Division to adopt rules for the exchange of appraisal reports in

condemnation and tax assessment review proceedings. This rule was adopted to ensure that, during the complex trial of tax assessment reviews, appraisals of the parties would be subject to disclosure despite the possibility that they might otherwise be deemed material prepared for litigation (see Eleventh Ann Report of NY Judicial Conference, 1966, p 203). This court's special rule, so adopted, provides that the parties must submit their appraisals to the specified Administrative Judge within six months of the service of the petition in the tax assessment proceeding. Only filed appraisals may be used to *affirmatively* prove value and any party failing to file an appraisal report shall be *precluded* from offering *any appraisal* testimony on value (22 NYCRR 839.2 [d]).

The special rule was enacted to aid in the expeditious disposition of such proceedings. Not only does the rule aid in disclosure, but it allows opposing counsel to adequately prepare for an effective cross-examination of a party's expert witness, thereby abbreviating proceedings which must delve into complex construction, cost and engineering data (see *Matter of W.P. Props. Corp. v Tax Assessor of City of White Plains,* 58 AD2d 871, affd 44 NY2d 971).

Petitioner herein timely filed two appraisal reports, thus allowing some appraisal testimony as to value, and further ensuring the existence of a factual issue requiring a trial. Consequently, it is clear that Special Term properly denied the motions for summary judgment.

Unlike the case of *Matter of City of Troy v Board of Assessors, Town of Pittstown* (53 AD2d 794) relied on by petitioner, the filing of a late appraisal herein does not hinge on the right to file *any* appraisal report at all.

Petitioner has filed appraisal reports and the only factual good cause for now allowing a supplemental report is inadvertence or oversight in adopting all possible appraisal theories in the original reports. Inadvertence and oversight should not in any way preclude the parties from proceeding to a proper factual exposition of the theories at issue before the court.

Since a party must first establish good cause for not previously presenting the material now contained in the

supplemental appraisal, the subsequent questions such as possible delay of the proceedings, complexity of issues and burden of proof relating to the exercise of discretion, should not *now* be considered on the question of good cause.

While the test of "extraordinary circumstances" required as justification for an application to file an appraisal after trial has begun (22 NYCRR 839.2 [e]) is not the same burden as showing "good cause", that does not mean that cases such as *Amsterdam Urban Renewal Agency v Jacobson* (61 AD2d 1092) are inapplicable in evaluating the excuse for late filing.

The order should be modified, on the law and the facts, by reversing so much thereof as granted petitioner's motion to file supplemental appraisal reports, and motion denied, and, as so modified, affirmed, with costs to respondent State Board of Equalization and Assessment and intervenor-respondent City of New York.

MIKOLL, J. (concurring in part and dissenting in part). We respectfully dissent from so much of the majority's decision as denies petitioner's motion to file supplemental appraisal reports. In our view, Special Term (101 Misc 2d 910) did not abuse its discretion in permitting the filing of these reports *(Matter of City of Troy v Board of Assessors, Town of Pittstown*, 53 AD2d 794). Considering all of the circumstances, adequate proof of good cause for the admission of the supplemental reports is found in the record. The petitioner public utility instituted 168 proceedings to determine the proper valuation of its special franchise assets which are estimated to have a fair market value of over $2,000,000,000. The purpose for which the special rule was adopted pursuant to CPLR 3140 is not thwarted by allowance of the late filing. It appears petitioner acted in good faith.

There is no tenable allegation that petitioner fraudulently attempted to withhold these appraisal reports. No delay of trial is involved. This case is exceptionally complex and of great importance. Petitioner in this proceeding, as in all tax assessment review proceedings, must meet a high burden of proof in order to rebut the presumption that the assessment is correct (see *People ex rel. Jamaica Water*

*Supply Co. v State Bd. of Tax Comrs.,* 196 NY 39, 53). Moreover, these supplemental reports should be of substantial value in aiding the court in the resolution of the issues presented by this litigation. We would, therefore, affirm.

CASEY and YESAWICH, JR., JJ., concur with HERLIHY, J.; KANE, J. P., and MIKOLL, J., concur in part and dissent in part in an opinion by MIKOLL, J.

Order modified, on the law and the facts, by reversing so much thereof as granted petitioner's motion to file supplemental appraisal reports, and motion denied, and, as so modified, affirmed, with costs to respondent State Board of Equalization and Assessment and intervenor-respondent City of New York.