■ NEW YORK TELEPHONE COMPANY, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 60321.) — Appeal from an order of the Court of Claims (Koreman, P. J.), entered August 9, 1982, which denied the State's motion to file a supplemental appraisal. Claimant seeks to recover damages for equipment it was forced to replace when the bridge between the City of Schenectady and the Village of Scotia was demolished and a new bridge was constructed in its place. The claim was filed in July of 1976 and appraisals were exchanged. Claimant's appraisal was filed April 24, 1981 and the State's was filed January 21, 1982. On this appeal, the State seeks review of the Court of Claims denial of its motion to file a supplemental appraisal. Since the claim in question was filed in 1976, former 22 NYCRR 1200.27 (d) (2) applies. It provides that in order to warrant the court's exercise of discretion in granting permission to file a supplemental appraisal, the moving party must show "unusual and substantial circumstances which if not remedied would cause undue hardship". The standard is a rigid one (*Laken Realty Corp. v State of New York,* 37 AD2d 885) and should be exercised strictly (*Farrington v State of New York,* 33 AD2d 731). We find that the State has failed to show the requisite unusual and substantial circumstances. The grounds for its request were that claimant had refused to provide it with the data necessary to prepare its original appraisal and that it was only after seeing claimant's appraisal that it was able to accurately evaluate the claim; hence the need to submit a supplemental appraisal. Claimant countered that it had provided the State with this data at the examination before trial but that it was contained in two boxes of documents which the State refused to sift through or to question claimant's representatives about in order to find the necessary information. We are constrained to find that the State's lack of information needed to arrive at an

accurate initial appraisal was due to its own failure to use the discovery process. It should have enlisted claimant's help at the examination before trial to select the necessary data from the information presented. Claimant was under no duty to prepare a preliminary synthesis of the data for the State. The standard required to justify a supplemental appraisal has not been met (see *Hogan v State of New York,* 43 AD2d 876). Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.