■ SALESIAN SOCIETY, INC., Plaintiff, v VILLAGE OF ELLENVILLE, Appellant, et al., Defendants. (Action No. 1.) In the Matter of AMERICAN TELEPHONE AND TELEGRAPH COMPANY, INC., Appellant, v SALESIAN SOCIETY, INC., Respondent. (Action No. 2.) — Appeal, in action No. 2, from an order of the Supreme Court at Special Term (Torraca, J.), entered April 13, 1983 in Ulster County, which, in a proceeding pursuant to the EDPL, granted respondent's motion for leave to file a supplemental appraisal report. Action No. 1 was commenced pursuant to article 15 of the RPAPL. A September 19, 1974 judgment following trial in that action declared Salesian Society, Inc., to be the title owner of the disputed

land and was ultimately upheld on appeal (see *Salesian Soc. v Village of Ellenville,* 58 AD2d 711, mot for lv to app den 42 NY2d 810). The issue of damages in action No. 1 remains to be tried. Action No. 2, a condemnation proceeding pursuant to the EDPL seeking to take the same premises, was commenced by petitioner American Telephone and Telegraph Company, Inc., by petition dated December 12, 1978. An order made July 15, 1979 granted the petition. Appraisal reports were timely filed pursuant to EDPL 508 and rule 839.2 of this court (22 NYCRR 839.2). However, it was not until February 18, 1983, following completion of discovery in both actions, that Salesian moved for leave to file a supplemental appraisal report pursuant to the aforesaid statute and rule. Special Term granted the motion, giving rise to this appeal by petitioner and the Village of Ellenville. Since trial had not commenced, proof of "extraordinary circumstances" warranting the grant of leave to serve a supplemental appraisal need not be shown. Our review of this issue is limited to ascertainment of whether the record shows that Salesian sufficiently demonstrated "good cause", the absence of which would result in an abuse of discretion by Special Term. Good cause has not been further defined by the rule. It has been held that inadvertence or oversight is not good cause (*Matter of Consolidated Edison Co. v State Bd. of Equalization & Assessment,* 83 AD2d 355, affd 58 NY2d 710; *Binghamton Urban Renewal Agency v Levene,* 34 AD2d 241). Nor will the desire merely to permit introduction of an additional appraiser's theory suffice (see *Matter of City of Troy v Board of Assessors,* 53 AD2d 794). Dissatisfaction with an attorney and appraisal report alone, without proof of undue hardship, has been held insufficient (*Laken Realty Corp. v State of New York,* 37 AD2d 885), as has a failure by the movant to demonstrate how the alleged new evidence would benefit an appraiser's testimony (*Home Gas Co. v Miles,* 40 AD2d 896). Here, the affidavit of Salesian's expert who prepared the supplemental report shows that he had in fact obtained most of the information required to prepare that report from petitioner by April, 1980. However, Salesian neither moved for an extension of time to file at that time nor advised the court of his intention to file a supplemental report, which was in the process of preparation (see 22 NYCRR 839.2 [e]). It does not appear that Salesian met its burden of demonstrating good cause sufficient to justify Special Term's exercise of discretion permitting the filing. It is unnecessary to reach petitioner's remaining arguments. Order reversed, on the law and the facts, without costs, and motion denied. Mahoney, P. J., Sweeney, Kane, Mikoll and Weiss, JJ., concur.