█ In the Matter of NIAGARA MOHAWK POWER CORPORATION, Appellant, v DONALD W. PERYEA et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Amyot, J.) entered February 21, 1984 in Essex County, which, in a proceeding pursuant to EDPL 402, granted respondents' motion for leave to file a supplemental appraisal report. ¶ This condemnation proceeding involving a taking for an electric power transmission line was commenced by the Village of Lake Placid, Essex County, in May of 1979. In November of 1979, respondents, owners of the land, filed a claim. Later that month, Niagara Mohawk Power Corporation was substituted as petitioner. Niagara Mohawk apparently promptly procured an appraisal report, but the parties did not exchange appraisals until July of 1982. A Trial Term note of issue was filed in August of 1982 and the matter was set down for a nonjury trial in December of 1983. Respondents were not able to proceed at that time and the matter was postponed until August of 1984. In January of 1984, respondents moved for permission to file a supplemental appraisal report. Such motion was granted and this appeal by Niagara Mohawk ensued. ¶ Leave to file a supplemental appraisal report may not be granted unless the movant demonstrates "good cause" (22 NYCRR 839.2 [e]). It has been held that inadvertence or oversight is not good cause (*Matter of Consolidated Edison Co. v State Bd. of Equalization & Assessment,* 83 AD2d 355, affd 58 NY2d 710), nor is the mere desire to introduce a new theory or new evidence (see *Matter of City of Troy v Board of Assessors,* 53 AD2d 794; *Home Gas Co. v Miles,* 40 AD2d 896). Finally, dissatisfaction with an attorney and the appraisal report, without proof of undue hardship, does not constitute good cause (*Laken Realty Corp. v State of New York,* 37 AD2d 885). ¶ Here, respondents contend that their attorney was unaware of certain ingress and egress provisions of the taking. However, the attorney should have been aware of those provisions since they were set forth as early as May of 1979 in the original petition which was filed. Such inadvertence does not amount to good cause and respondents' motion should not have been granted. ¶ This conclusion is reinforced by the fact that Niagara Mohawk, while opposing the request for permission to file supplemental appraisal reports, consented to allowing respondents to submit an addendum to their appraisal report limited solely to an analysis of the ingress and egress provisions. In light of this, respondents can hardly claim undue hardship. In our view, the motion should have been granted only to the extent of allowing respondents to file an addendum to their report dealing

solely with the ingress and egress issue. ¶ Order reversed, on the law, without costs, and respondents' motion granted to the extent that respondents may, within 20 days after service of a copy of the order to be entered herein, file an addendum to their appraisal report limited to an analysis of the ingress and egress provisions of the taking. Mahoney, P. J., Kane, Main, Levine and Harvey, JJ., concur.