■ In the Matter of the Acquisition of Real Property by COUNTRY KNOLLS WATER WORKS, INC., Appellant. JEAN M. HOFFMAN, Respondent. [645 NYS2d 931] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Plumadore, J.), entered April 12, 1995 in Saratoga County, which, in a proceeding pursuant to EDPL article 5, partially granted petitioner's motion for summary judgment, and (2) from an order of said court, entered June 21, 1995 in Saratoga County, which granted claimant's motion for leave to serve a supplemental appraisal report, to amend her claim and to amend the ad damnum clause of her claim.

Claimant owns real property in the Town of Clifton Park, Saratoga County, which contains two large water wells. From 1985 to 1991, claimant allowed petitioner to use water from the wells to service residential developments in the area. According to claimant, in exchange, petitioner's owner agreed to install water and sewer facilities on her property, which she has partially subdivided and plans to further develop in the future. In 1992, petitioner, which is now owned by the Town of Clifton Park Water Authority (hereinafter the Authority), attempted to negotiate with claimant for the continued use of the wells. When these attempts proved futile, petitioner brought the instant condemnation proceeding to acquire the wells and small parcels of surrounding land.

Claimant thereafter served a claim seeking direct damages of $900,000, and indirect damages, arising from petitioner's alleged breach or frustration of the parties' agreement, of $1.4 million. Petitioner's motion for summary judgment was granted only to the extent that the contractual claim was dismissed. Appealing from the resulting order, petitioner contends that, except for an award of $153,000, which it maintains constitutes just compensation for the land actually taken, the entire claim should have been dismissed. Claimant subsequently moved for leave to file an amended or supplemental appraisal report, to amend her claim so as to clarify that she seeks indirect damages resulting from the loss of water supply to her remaining lands, and to increase the ad damnum clause from $900,000 to $1,600,000. That motion was granted, prompting petitioner to appeal.

Supreme Court properly refused to dismiss that aspect of the claim that seeks consequential damages for the loss of a reliable water supply for the remainder of claimant's property. Evidence in the record indicates that the relevant permit issued to petitioner by the Department of Environmental Conservation limits the number of new units that may be serviced

by petitioner to 447, until such time as a reserve well is developed and approved, an occurrence which petitioner was apparently unable to substantiate when the summary judgment motion was made. On the basis of this permit limitation, and taking into account the remainder of petitioner's service area, claimant's appraiser concluded that it is not at all clear that the utility will actually be able to provide service to claimant's 386-lot proposed subdivision. This raises a question of fact with respect to whether the taking of the wells has, as claimant contends, rendered the remainder of her property less valuable than it was prior to the taking, when she owned the wells and could have utilized their entire capacity to service the subdivision (see, e.g., O'Sullivan v Presbyterian Hosp., 217 AD2d 98, 101).

There is, however, merit to petitioner's assertion that claimant did not demonstrate the requisite "good cause" to justify granting leave to serve a supplemental appraisal report (see, 22 NYCRR 202.61 [a] [3]; Salesian Socy. v Village of Ellenville, 98 AD2d 927, 928). In deciding this aspect of claimant's motion, Supreme Court apparently found that good cause had been demonstrated by virtue of the fact that claimant had "lost * * * her contractual claim which would have subsumed much of" her claim for consequential damages allegedly occasioned by the loss of her water supply. But, as claimant's attorney states in his affirmation, the original appraisal report, which indicates total damages of over $3 million, specifically allocates $1.6 million thereof to the decrease in the value of claimant's land after the appropriation—$1.525 million of which reflects the damage attributed to the loss of water supply—in addition to the $1.542 million for the alleged breach of contract. That report deals with and amply explains the expert's basis for arriving at each of these figures. Significantly, no convincing reason is given why the appraisal could not also have included therein whatever "additional factual support" or "greater detail" she now seeks to proffer by way of a supplemental appraisal (see, Salesian Socy. v Village of Ellenville, supra, at 928; cf., New York Tel. Co. v State of New York, 97 AD2d 664, 664-665; Matter of Consolidated Edison Co. v State Bd. of Equalization & Assessment, 83 AD2d 355, 358-359, affd 58 NY2d 710). Hence, this aspect of claimant's motion should have been denied.

White, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order entered April 12, 1995 is affirmed, without costs. Ordered that the order entered June 21, 1995 is modified, on the law, without costs, by reversing so much thereof as granted

that portion of claimant's motion seeking to file a supplemental appraisal report; motion denied to that extent; and, as so modified, affirmed.