■ In the Matter of the Acquisition of Real Property by the Town of Guilderland, Appellant. Anthony J. Pietrosanto et al., Respondents. [663 NYS2d 733] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Conway, J.H.O.), entered June 3, 1996 in Albany County, which, in a proceeding pursuant to EDPL article 5, *inter alia*, granted claimants' motion for an extension of time to file their appraisal report.

In August 1993, petitioner appropriated real property owned

by claimants in the Town of Guilderland, Albany County, in connection with the reconfiguration of a road. Claimants interposed a claim for damages on January 14, 1994 and, by stipulation ordered by Supreme Court, the parties agreed upon September 1, 1995 as the last date for the filing of their appraisal reports. Petitioner filed its report prior to that date but claimants did not submit theirs until April 1996, at which time it was rejected by petitioner as untimely.

Claimants thereafter sought an order granting them a further extension of time (thereby relieving their default) and compelling petitioner to accept the report, arguing, *inter alia*, that the appraisal could not have been completed more expeditiously due to the unique nature of the property and the appraiser's other commitments. In their motion papers, claimants repeatedly referred to the contents of the report prepared by petitioner's appraiser, which apparently had been inadvertently forwarded to them by the court clerk, despite their failure to file their own appraisal report in a timely fashion, so as to trigger the formal exchange procedure (*see*, 22 NYCRR 202.61 [b]; 202.60 [g] [2]). Petitioner cross-moved for an order precluding claimants from filing their appraisal, requiring them to return all copies of petitioner's report in their possession and striking all references thereto in claimants' papers. Supreme Court granted claimants' motion and denied petitioner's cross motion, prompting this appeal.

We affirm. While claimants' dilatory conduct is not to be condoned, we are not disposed to say that Supreme Court abused its discretion by granting the requested relief. In exercising its discretion to determine whether a party has shown "good cause" for relieving a default in filing (*see*, 22 NYCRR 202.61 [a] [3]), the trial court must consider all of the relevant circumstances, not merely the excuse or reason proffered for the delay. Though it has been held otherwise with respect to the filing of an amended or supplemental report (*see, Matter of Country Knolls Water Works [Hoffman]*, 229 AD2d 859, 860; *Matter of City of Amsterdam v Board of Assessors*, 111 AD2d 1017; *Salesian Socy. v Village of Ellenville*, 98 AD2d 927, 928), when the belated filing involves an initial report, the obvious and severe hardship that accrues to the offering party as a result of rejection of that report—namely, preclusion of the introduction of "any appraisal testimony on value" (22 NYCRR 202.61 [e]; *see, Matter of G.T.I. Co. v Assessor & Assessment Bd. of Review*, 88 Misc 2d 806, 809)—has been deemed sufficient basis for granting the relief sought (*see, Gustafson v State of New York*, 56 AD2d 695, 696). If an arguably tenable

excuse is proffered as well, ample foundation exists for a decision favoring the movant.

Here, while the excuses proffered by claimants are far from compelling, their appraiser did submit a sworn statement indicating that the preparation of this appraisal was "extremely difficult", "complex" and inordinately time consuming. Although the court, on this record, could reasonably have rendered a different decision (*see, Matter of City of Albany [Brown Equip. Co.]*, 199 AD2d 746, 747-748), particularly if it found the appraiser's averments unconvincing, it was not an abuse of discretion to conclude, in view of all of the relevant circumstances, that claimants demonstrated "good cause" for their tardiness and that the interests of justice are best served by affording both parties an opportunity to elicit expert testimony as to value.

Crew III, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.