In the Matter of STATEN ISLAND BLUEBELT PHASE 2. CITY OF NEW YORK, Appellant; JAMES J. HASSON, Respondent. (Proceeding No. 1.) In the Matter of NEW CREEK BLUEBELT PHASE 4. CITY OF NEW YORK, Appellant; 196 SLATER BOULEVARD BUILDING CORPORATION, Respondent. (Proceeding No. 2.) [970 NYS2d 244]—

In two eminent domain proceedings, the City of New York appeals from an order of the Supreme Court, Richmond County (Saitta, J.), dated February 23, 2012, which granted the joint motion of the claimants, James J. Hasson and 196 Slater Boulevard Building Corporation, for leave to exchange amended appraisal reports and to vacate the notes of issue filed by the City of New York.

Ordered that the order is affirmed, with costs.

In these related eminent domain proceedings, the Supreme Court, prior to trial, advised the claimants and the City of New York that their appraisal reports appeared deficient and indicated that all parties should have an opportunity to submit amended appraisal reports to address the court's concerns. In light of this instruction, the claimants moved for leave to exchange amended appraisal reports and to vacate the notes of issue filed by the City. Over the City's opposition, the Supreme Court granted the joint motion, and afforded all parties the opportunity to submit amended appraisal reports and responses within a prescribed time period.

Contrary to the City's contention, the Supreme Court did not improvidently exercise its discretion in granting the relief requested. In an eminent domain proceeding, the court may grant leave to file an amended appraisal report "upon good cause shown" (22 NYCRR 202.61 [a] [3]; *see Matter of Town of Guilderland [Pietrosanto]*, 244 AD2d 604, 605 [1997]; *Matter of City of Albany [Brown Equip. Co.]*, 199 AD2d 746, 747 [1993]; *Matter of Niagara Mohawk Power Corp. v Peryea*, 102 AD2d 986, 986 [1984]). In determining whether a party has shown "good cause," the court must consider all of the relevant circumstances (*see Matter of Town of Guilderland [Pietrosanto]*, 244 AD2d at 605). Here, the claimants' request was not based on a mere desire to introduce a new theory or new evidence or the result of inadvertence or oversight (*see Matter of Niagara Mohawk Power Corp. v Peryea*, 102 AD2d at 986; *Salesian Socy. v Village of Ellenville*, 98 AD2d 927, 928 [1983]). Rather, the

claimants' request was a direct result of the Supreme Court's indication that the appraisal reports were inadequate, and that proceeding to trial on those reports would be a waste of the parties' time and judicial resources. The court has a constitutional mandate to give just and fair compensation for any property taken (*see Yaphank Dev. Co. v County of Suffolk*, 203 AD2d 280, 282 [1994]). The court's remedy was fashioned in a manner so as not to unduly prejudice any party (*see Matter of Town of Guilderland [Pietrosanto]*, 244 AD2d at 605).

The City's remaining contentions are without merit. Dillon, J.P., Chambers, Roman and Cohen, JJ., concur.