Matter of Erie Blvd. Hydropower L.P. v Town of Moreau Assessor (2019 NY Slip Op 07826)





Matter of Erie Blvd. Hydropower L.P. v Town of Moreau Assessor


2019 NY Slip Op 07826


Decided on October 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 31, 2019

528332

[*1]In the Matter of Erie Boulevard Hydropower L.P., Respondent,
v
Town of Moreau Assessor et al., Appellants.

Calendar Date: September 12, 2019

Before: Garry, P.J., Clark, Mulvey and Pritzker, JJ.


Lewis & Greer, PC, Poughkeepsie (Dylan C. Harris of counsel), for appellants.
Barclay Damon LLP, Syracuse (Mark R. McNamara of counsel), for respondent.



Pritzker, J.
Appeal from an order of the Supreme Court (Chauvin, J.), entered December 12, 2018 in Saratoga County, which, in a proceeding pursuant to RPTL article 7, granted petitioner's motion to supplement its appraisal reports.
Petitioner commenced three separate proceedings pursuant to RPTL article 7 challenging the 2014, 2015 and 2016 tax assessments imposed by respondent Town of Moreau Assessor on three of its hydroelectric generating facilities — Spier Falls, Sherman Island and Feeder Dam — located in the Town of Moreau, Saratoga County. In total, petitioner was seeking $105,528,536 in reductions for each of the three years at issue for each of the three hydroelectric facilities amounting to more than $316,000,000. The proceedings were subsequently consolidated. In March 2018, Supreme Court ordered that the expert appraisals for the three tax years be simultaneously exchanged on April 6, 2018. On that day, petitioner served respondents, via counsel for respondent Town of Moreau, and the court a copy of the appraisal reports prepared by Michael Green, an expert with Filsinger Energy Partners, which consisted of a total of nine appraisal reports with addenda (hereinafter the Filsinger reports), including three reports related to each hydroelectric facility for each tax year. The addenda to the Filsinger reports included a "'Work Papers' CD-ROM that consisted of electronic copies of [petitioner's] expert's work files."
In May 2018, petitioner's counsel was provided with additional work papers, specifically an EXCEL worksheet and some graphics for each of the appraisal reports (18 pages in total) that were not included with the expert appraisal. Petitioner subsequently served an electronic copy of these files (hereinafter the supplemental EXCEL file) on respondents and Supreme Court.[FN1] The Town subsequently sent a letter to the court opposing petitioner's submission of the supplemental EXCEL file, to which petitioner responded, asserting that the supplemental EXCEL file was not adding to or amending the Filsinger reports. At an appearance before the court in June 2018, the Town requested that the court reject petitioner's request to submit the supplemental files and further requested that petitioner file a formal motion seeking permission to supplement the Filsinger reports. The court at this time also set tentative trial dates for April and May 2019.
Based on this request, and the Town's refusal to stipulate to the supplemental materials, petitioner moved to, among other things, supplement the Filsinger reports with the supplemental EXCEL file. Respondents opposed the motion asserting, among other things, that petitioner failed to demonstrate good cause for its failure to file the supplemental EXCEL file and that filing the supplemental EXCEL file would cause respondents prejudice. In October 2018, a hearing was held on the issue, after which Supreme Court granted petitioner's motion to submit the supplemental EXCEL file. Respondents appeal, and we affirm.
Pursuant to 22 NYCRR 202.59 (h), "upon the application of any party on such notice as the court shall direct, the court may, upon good cause shown, relieve a party of a default in the service of a report, extend the time for exchanging reports, or allow an amended or supplemental report to be served upon such conditions as the court may direct" (see Matter of AG Props. of Kingston, LLC v Town of Ulster Assessor, 138 AD3d 1273, 1277-1278 [2016], lv denied 27 NY3d 912 [2016]; see generally Matter of Corvetti v Winchell, 51 AD3d 47, 49 [2008]). Although good cause shown is not specifically defined under 22 NYCRR 202.59, generally, "[i]n exercising its discretion to determine whether a party has shown 'good cause' for relieving a default in filing, the trial court must consider all of the relevant circumstances, not merely the excuse or reason proffered for the delay" (Matter of Town of Guilderland [Pietrosanto], 244 AD2d 604, 605 [1997]; see Matter of Staten Is. Bluebelt Phase 2 [City of New York-Hasson], 108 AD3d 773, 773 [2013]). As a general matter, the purpose of 22 NYCRR 202.59 is to provide "opposing counsel the opportunity to effectively prepare for cross-examination" (Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst, 23 NY3d 168, 176 [2014] [internal quotation marks and citation omitted]; see Matter of Gran Dev., LLC v Town of Davenport Bd. of Assessors, 124 AD3d 1042, 1045 [2015]), which is essential in an expert driven tax certiorari proceeding and to facilitate meaningful judicial review.
Under the facts presented here, Supreme Court properly exercised its discretion in granting petitioner's motion to supplement the work papers with the supplemental EXCEL file. The worksheets contained in the supplemental EXCEL file were merely graphic illustrations showing how capacity prices used in the income approach were forecast. Notably, these worksheets did not result in a single change to the Filsinger reports, nor did they impair the Town's ability to prepare to cross-examine petitioner's expert witness. Indeed, as the court stated, because it is the finder of fact after trial, it wanted "to hear and see everything." Further, the initial request to supplement was made approximately a month after the appraisal exchange and immediately upon petitioner's counsel being notified by the appraiser that one of his colleagues who worked with him on his report had some additional material that should be within the work file. In light of these circumstances, we find that it was within Supreme Court's discretion to determine that petitioner showed good cause to supplement the Filsinger reports (see Matter of AG Props. of Kingston, LLC v Town of Ulster Assessor, 138 AD3d at 1277-1278; Matter of Town of Guilderland [Pietrosanto], 244 AD2d at 605-606; compare Matter of Country Knolls Water Works v Hoffman, 229 AD2d 859, 860 [1996]).
We are likewise unpersuaded by respondents' contention that they were unduly prejudiced by the granting of petitioner's motion. Generally, in determining whether a party has been prejudiced by a motion to supplement, Supreme Court will evaluate the amount of time the opposing party has to review the supplemental documents prior to trial, as well as whether good cause was shown (see Matter of Champlain Ctr. N. LLC v Town of Plattsburgh, 165 AD3d 1440, 1441-1442 [2018]; Matter of AG Props. of Kingston, LLC v Town of Ulster Assessor, 138 AD3d at 1277-1278). Here, petitioner's initial request to supplement was made approximately one year prior to trial, providing respondents with ample time to review the supplemental EXCEL file, which did not change any information contained in the Filsinger reports. Thus, because respondents had nearly a year to prepare for trial, they were not prejudiced by petitioner submitting the supplemental EXCEL files after the initial exchange of the parties' appraisals (see Matter of Champlain Ctr. N. LLC v Town of Plattsburgh, 165 AD3d at 1441-1442; Matter of AG Props. of Kingston, LLC v Town of Ulster Assessor, 138 AD3d at 1277-1278). Also, inasmuch as petitioner demonstrated good cause, the fact that respondents had already begun trial preparation does not demonstrate prejudice (see Matter of AG Props. of Kingston, LLC v Town of Ulster Assessor, 138 AD3d at 1277-1278; Matter of Town of Guilderland [Pietrosanto], 244 AD2d at 605-606).
Garry, P.J., Clark and Mulvey, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Petitioners also served respondents with two reports to rebut the reports of respondents' experts. On appeal, respondents have specifically abandoned any challenge to these rebuttal reports.