■ DORR T. MARTIN et al., as Executors of HELEN G. MARTIN, Deceased, Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 44233.) — STALEY, JR., J. Appeal by claimants from a judgment, entered July 10, 1967, upon a decision of the Court of Claims. On November 9, 1959 Helen G. Martin acquired a parcel of land on the easterly side of Route 9 in the Town of Lake George, Warren County, State of New York, consisting of about 30 acres for which she paid the sum of $4,500. Prior to the year 1963, the merchantable timber upon said land was cut and removed. On March 20, 1963 the State appropriated 1.474 more or less acres of this land for highway purposes. Subsequent to the filing of the claim herein, Helen G. Martin died and at the trial, Dorr T. Martin and David T. Martin, the executors of her estate, were substituted as claimants. Prior to the appropriation this property had a frontage on Route 9 of 1,155 feet. This frontage consisted of a rock ledge or cliff 20 to 25 feet high from the southerly boundary northerly to the access road called Finkle Road, and from that point to the northerly boundary it consisted of a steep bank sloping 40 to 60 feet high from the road. By the appropriation the State acquired 527 feet of the frontage along Route 9 north of Finkle Road. Claimants' expert testified that the highest and best use of the property taken on the frontage area was commercial, and that the highest and best use of the rear portion southerly of Finkle Road above the slope was residential. He gave no opinion as to the highest and best use of the rear portion of the area appropriated which was north of Finkle Road. He had no opinion as to the fair market value of the

entire 30 acres prior to the appropriation, but opined solely on the basis of his own experience that the parcel appropriated, together with a triangle parcel of .2 of an acre remaining after the appropriation, had a before market value of $10,170, and an after value of $570, and that the claimants were damaged in the amount of $9,600. He ascribed no severance damages to the remaining property southerly of the appropriation, which remained accessible by Finkle Road. In arriving at his values he used a unit value of $16.40 per front foot for an average depth of 134.5 feet, which he agreed was approximately $7,000 per acre. The State's expert determined the before value of the entire parcel to be $1,970 and the after value to be $1,450. He assigned direct damages of $515 for the parcel taken, and consequential damages of $2 to the triangle parcel north of the appropriation, and rounded off the figures for a total damage of $520. In arriving at this conclusion, he considered that the area at the top of the slope had a remote commercial potential; that the frontage had a slight but limited commercial usage; and the land behind the frontage was limited to a use for woodlots. He considered all of the taking to be frontage, and based his damages on a value of $350 per acre. In arriving at his values he considered three sales in the area which he adjusted by reason of the improvements thereon, and increased the resulting acreage value by more than 100 per cent, since the sales took place within four years prior to the appropriation. The court rejected the values of the claimant and adopted the appraisal of the State. Appellant's values, having no basis whatever other than the expert's opinion, were properly rejected. (County of Warren v. State of New York, 29 A D 2d 717.) While the sales used by the State's expert as comparable might be considered as not truly comparable by reason of remoteness in time, they were similarly situated and within the area of the taking, and the values were adjusted upwards to account for the differences in time. Differences between the subject property and alleged comparables are the proper subject of adjustment by expert witnesses, and the degree of comparability becomes a question of fact. (Kastelic v. State of New York, 29 A D 2d 803.) Considering the location and topography of the property, the alleged comparables and the adjustments made thereto, we find the court's determination of values and its determination that the highest and best use of the subject property before the appropriation "was for a wood lot with possible commercial development on top" were amply supported by the evidence. Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Staley, Jr., J.