■ ANNABELLE MORIO, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 47420.) — GREENBLOTT, J. Appeal from a judgment in favor of claimant, entered January 30, 1969, upon a decision of the Court of Claims. Claimant was awarded $14,500 for the appropriation of two parcels of land in the Town of North Salem, totaling 2.2 acres. Respondent's property originally consisted of about 5.38 acres, residentially zoned, supporting a dwelling and other structures. Although none of these buildings were located on the appro-

priated land, the court found that the taking effected a severance and awarded consequential damages. Respondent's expert testified to a before value of $40,600 and an after value of $25,900, leaving total damages of $14,700. The State's appraisal was to a before value of $28,000, an after value of $22,200, with damages of $5,800. The court accepted respondent's values except for a reduction of consequential damages from $4,200 to $4,000. Respondent's before value was calculated by combining a value for the land, computed by the market approach, with a value for the structures thereon, determined by cost less depreciation. Although market value was determined through the use of alleged comparables, no adjustments were made between the sale properties and the subject property. The rule is well established that the failure to state the factors which entered into the appraiser's judgment renders his testimony insufficient. (*Latham Holding Co.* v. *State of New York,* 16 N Y 2d 41; *Verni* v. *State of New York,* 31 A D 2d 727.) Determination of the structure value was similarly erroneous since use of the cost less depreciation is appropriate only in application to a specialty (*Washburn* v. *State of New York,* 26 A D 2d 845), and there is no evidence that the structures were such. Claimant's proof as to after value is likewise inadequate. Her expert merely deducted the per acre before value for the parcels taken to arrive at direct damages and then assigned 25% to 15% reductions in value to the buildings and similar reductions to the remaining land. The appraiser's opinion is conclusory and subjective and cannot sustain an award. (*Fleetwood Maple Corp.* v. *State of New York,* 28 A D 2d 1026.) Respondent's evidence as to value being insufficient, there was no range of testimony. Since the award was not supported by other evidence, nor was a sufficient explanation provided by the court, the award must be reversed. (*Ridgeway Assoc.* v. *State of New York,* 32 A D 2d 851.) Neither can we accept the damages urged by the State. Its contention that the highest and best use, before the taking, was as an estate-type farm was properly rejected by the court which held it suitable for subdivision. Furthermore, the State's lower valuation was apparently premised upon the mistaken belief that no access could be had from respondent's property to the old Reed Avenue. In addition, the State, while recognizing the existence of consequential damages, offset those damages with benefits from the new road frontage. The trial court found no such benefits. Finally, the State's expert has, to some degree, utilized a cost approach to determine damages, which was improper and an insufficient basis upon which to sustain an award. Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.