Irving E. Homer et al., Respondents, *v.* State of New York, Appellant. (Claim No. 44920.)

Third Department, April 27, 1971.

*Louis J. Lefkowitz, Attorney-General* (*Dennis Hurley* and *Ruth Kessler Toch* of counsel), for appellant.

*Henry Temes* for respondents.

*Per Curiam.* This is an appeal by the State from a judgment in favor of claimants, upon a decision of the Court of Claims.

On or about November 30, 1964, the State appropriated 25.06 acres of claimants' property for highway construction of Route 6, and for a view and rest area adjacent to Route 6.

Claimants' property contained 64 acres on the southerly side of Route 6, and 68.8 acres on the northerly side. After the appropriation, claimants retained 39 acres on the southerly side of the highway, 24.8 of which were landlocked, and 68.8 acres on the northerly side.

The parties are apparently in agreement that the highest and best use of the subject property, prior to appropriation, was residential and commercial. Both experts adopted the market sales data approach with claimants' expert testifying to a before value of $30,900 and an after value of $10,250, resulting in direct damages of $10,500, consequential damages of $10,150 or a total of $20,650. The State's expert testified to a before value of $12,200

and an after value of $3,500, resulting in direct damages for the fee taking of $5,012, and severance damages for the landlocked parcel of $3,672 or a total of $8,684, rounded to $8,700.

The trial court adopted *in toto* the valuations given by claimants' appraiser, and made an award of $20,650 for total damages.

The State contends that the trial court erred in allowing any damages for the parcel of land on the northerly side of Route 6, and that the adjusted valuations of the comparable sales used by claimants' expert were so deficient that the trial court could not base a finding thereon and that, therefore, the award should be reduced to the amount of damages set forth in the appraisal of the State's expert.

Claimants contend that their total land shoud be valued as one parcel because all the parcels were to have a unity of use. Claimant Irving Homer testified that the subject property had been acquired for the purpose of building a restaurant and motel thereon, and for residential development and, further, that the parcel on the northerly side of the lot was adaptable for a sewerage disposal plant system. Claimants introduced in evidence two maps made in 1958 of preliminary plans for the development of the property for a motel, restaurant, and access road. Claimants' expert appraiser valued the land as if there was a unity of use, and allowed $3,440 as consequential damages to the parcel on the northerly side of the highway.

In our opinion the parcel on the northerly side of the highway was a separate and individual parcel with no unity or conjunctivity of use with the parcel appropriated, and claimants are not entitled to any consequential damages to the parcel on the northerly side of the highway. (*Matter of Board of Supervisors of County of Monroe* v. *Sherlo Realty*, 32 Misc 2d 579, affd. 19 A D 2d 990, affd. 13 N Y 2d 1172; *Jacoby* v. *State of New York*, 26 A D 2d 724.)

The award should be modified by eliminating the amount of $3,440 awarded for consequential damages to the parcel on the northerly side of the highway, and reducing the amount awarded for the fee taking and consequential damages to the parcel remaining on the southerly side of the highway by awarding $5,800 for direct damages and $3,650 for severance and consequential damages to the remaining parcel on the southerly side of the highway. Such an award is within the range of the expert testimony and supported by the record.

It is to be noted that the recent practice of introducing the appraisal documents into evidence without any particular attempt by the appraiser's proponent to elaborate upon the matters contained therein was followed here. This practice has

undoubtedly been adopted in the belief that the pertinent data can be gleaned from the written appraisal and from whatever cross-examination may bring forth, as well as the desire to shorten the trial proceedings.

One of the purposes for the rule requiring the preparation of an appraisal (22 NYCRR 1200.27) is to enable a party to adequately and intelligently prepare for a trial of the issues. The appraisal in and of itself is not designed to take the place of evidence (*Currie* v. *State of New York,* 34 A D 2d 1027). Rather, its function is to supplement the evidence given by the person under whose direction it is prepared. The appraisal should be utilized as a tool which, by adequate examination of its author, helps explain fully to the trial court what the theory of the party introducing the appraisal is so that the trier of the facts is made fully cognizant of what issues are involved in the proceeding. In addition, by delving into the aspects underlying the appraisal, this court will be furnished a record which will permit intelligent appellate review. (Cf. *Warren* v. *State of New York,* 33 A D 2d 819; *Ridgeway Assoc.* v. *State of New York,* 32 A D 2d 851.)

The judgment should be modified, on the law and the facts, so as to reduce the award to $9,450, together with appropriate interest, and, as so modified, affirmed.

HERLIHY, P. J., REYNOLDS, STALEY, JR., SWEENEY and SIMONS, JJ., concur.

Judgment modified, on the law and the facts, so as to reduce the award to $9,450, together with appropriate interest and, as so modified, affirmed, without costs.