In the Matter of the ESTATE OF ROBERT E. TAYLOR, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 50370.)— Appeal from a judgment in favor of claimant, entered July 6, 1971, upon a decision of the Court of Claims. The State appropriated approximately 5.377 acres of claimant's land for the purpose of widening the Southern Tier Expressway. The parcel appropriated was part of a gravel bank located on claimant's farm. There is no claim for

consequential damages to the remainder of claimant's property. The Court of Claims determined that the value of the property taken was $4,000. Claimant's appraiser presented no evidence of before value or after value, and testified to only one comparable sale, listed in his report, consisting of 103 acres with approximately 18 acres of gravel sold for $37,000 for which he made no adjustments. Without any factual basis, claimant's appraiser testified that in his opinion the value of the property taken was $5,000. Such evidence "is entitled, at most, to little consideration and certainly not sufficient to sustain the present award." (*County of Warren* v. *State of New York*, 29 A D 2d 717.) In addition, the failure of claimant's appraiser to adjust comparable sales to the subject property prevents any possibility of intelligent review, and the failure to state factors upon which he based his judgment renders his testimony insufficient. (*Morio* v. *State of New York*, 34 A D 2d 845.) The State's appraiser used the market value approach in determining both the before and after value of the property. He testified to three comparable sales which were adjusted by him to an average of $150 per acre. In his opinion, the amount of damages was $800, the difference between his before value and his after value. The evidence presented by the State is the only evidence upon which an award can be based, and such evidence being in accordance with the approved method of determining damages, we adopt the amount of damages proven by the State. (*Richards* v. *State of New York*, 32 A D 2d 591.) Judgment modified, on the law and the facts, by reducing the award to $800, together with appropriate interest, and, as so modified, affirmed, without costs. Herlihy, P. J., Staley, Jr., Simons and Reynolds, JJ., concur; Greenblott, J., dissents and votes to reverse in the following memorandum. Greenblott, J. (dissenting). I vote to reverse and grant a new trial. (*Baker* v. *State of New York*, 36 A D 2d 881, dissenting mem.; see, also, *Nicolay* v. *State of New York*, 38 A D 2d 611.)