■ VIRGINIA E. BROOKS et al., Respondents, v HONG K. CHEON et al., Appellants.—Harvey, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered April 7, 1987 in Schenectady County, which, sua sponte, declared a mistrial in a nonjury trial.

In this medical malpractice action, defendants asserted the 2½-year Statute of Limitations of CPLR 214-a as an affirmative defense. The surgery which provided the basis for the

primary allegations of malpractice occurred on May 1, 1981. The action was not commenced until February 24, 1984, over 2½ years later. Plaintiffs, however, contended that the Statute of Limitations was tolled by the continuous treatment doctrine. This contention was premised upon a series of appointments made with the physician following the surgery at issue. The parties agreed to a bifurcated trial in which the affirmative defense of the Statute of Limitations would be resolved by the court without a jury. Testimony was taken on October 28, 1986. On March 16, 1987, Supreme Court handed down a written decision in which it, on its own motion, declared a mistrial. The announced ground for this decision was that the matter involved substantial issues of credibility which should be resolved by a jury.

Defendants contend that Supreme Court erred in granting a mistrial. As a general rule, the trial court is afforded broad discretion in determining whether to grant a mistrial (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4402.03). Here, however, the reason given for the mistrial was the existence of credibility questions in a nonjury trial. In a nonjury trial, it is the trial court's duty to decide the factual questions, including credibility, which are normally within the province of the jury (see, CPLR 4211). Although it has been mentioned that, prior to trial, the parties indicated that determination of the Statute of Limitations question would not involve resolution of credibility questions, no such representation or agreement appears in the record. Thus, Supreme Court was not prevented from exercising this function, which is essential in a nonjury trial. Prior to this nonjury trial, Supreme Court had determined that there existed issues of fact which were sufficient to deny motions by both parties for summary judgment. Nothing contained in the record indicates that either party had any reservations as to the court's complete authority to determine credibility of the evidence and to make a complete determination of fact as to the issue submitted. The lapse of time between the taking of the evidence and Supreme Court's determination of a mistrial would further support the conclusion that there were no limitations on the court's authority to make any and all determinations as to the affirmative defense of the Statute of Limitations.

On this appeal, it has been suggested that we determine the merits of the affirmative defense, the appropriateness of the motion to reopen testimony for further expert evidence, and pass on the alleged miscalculation by all parties as to the length of time between the date of the last treatment and the

commencement of the action. Supreme Court has not ruled on any of these issues, so we deem it inappropriate for us to do so. Nothing contained in this decision should be interpreted as resolving those issues, which we conclude must be resolved by Supreme Court.

Order reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.