■ In the Matter of the Acquisition of Real Property by the ADIRONDACK HYDRO DEVELOPMENT CORPORATION, Respondent. WARRENSBURG BOARD AND PAPER CORPORATION, Appellant, et al., Respondents. [613 NYS2d 459] —Crew III, J. Appeal from a

judgment of the Supreme Court (Dier, J.), entered March 5, 1993 in Warren County, which, in a proceeding pursuant to EDPL article 5, determined the compensation due claimant as a result of petitioner's acquisition of real property.

Petitioner commenced this condemnation proceeding pursuant to EDPL article 5 to acquire certain property located in the Town of Warrensburg, Warren County. It appears that petitioner was vested with the power of eminent domain pursuant to the Federal Power Act (16 USC § 814) and acquired the land and accompanying flowage rights for the purpose of developing and operating a hydroelectric power plant. Following petitioner's acquisition of the premises, claimant filed a claim seeking compensation for the appropriation of its property. At the conclusion of the nonjury trial that followed, Supreme Court determined that the value of the highest and best use of the property at the time of the taking was $191,500. This appeal by claimant followed.

Initially, we reject claimant's assertion that the appraisal report offered by petitioner's expert was fundamentally flawed. Although the parties' respective experts utilized different valuation approaches, with petitioner's expert essentially arriving at a value based upon comparable sales and claimant's expert calculating the property's value based upon its income potential, there is no indication in the record that petitioner's methodology was unsound. Petitioner's expert testified that the sales he used for comparison were arms' length transactions, and claimant has failed to demonstrate that these sales failed to reflect the then-prevailing market conditions.

As to Supreme Court's acceptance of the testimony and appraisal report offered by petitioner's expert as its basis for arriving at a valuation figure, there can be no serious dispute that in a nonjury trial, evaluating the credibility of the respective witnesses and determining which of the proffered evidence was most credible are matters committed to the trial court's sound discretion (see generally, Brooks v Cheon, 142 AD2d 867, 868). Hence, we have no quarrel with Supreme Court's initial decision to credit the testimony and report offered by petitioner's expert. Having done so, however, Supreme Court was, in our view, required to address in its written decision the admitted errors contained in petitioner's expert's appraisal and the effect of those errors, if any, upon the ultimate valuation figure assigned to the property. In this regard, the record indicates that petitioner's expert failed to

make any adjustment for inflation between 1981 and 1989 (representing the various sale dates). Claimant's expert testified that such an adjustment would be appropriate and petitioner's expert failed to offer any explanation for failing to do so. Additionally, petitioner's expert conceded that the "improvements" adjustment for sale HP-5 was incorrect.

Although Supreme Court makes mention of these errors in its written decision and, implicitly, discounts the effect thereof on the overall value of the property, the court fails to offer any explanation as to the basis for its apparent determination in this regard. It may well be that adjusting for these errors would not alter, to any significant degree, petitioner's expert's opinion or Supreme Court's findings regarding the value of the subject property. Indeed, it appears that correcting the "improvements" adjustment for sale HP-5 would have little, if any, effect upon the overall valuation figure, and Supreme Court simply may have elected not to credit claimant's expert's testimony regarding the need to adjust for inflation. Nevertheless, as we are unable to discern from the record before us Supreme Court's rationale for accepting, without adjustment, the valuation figure offered by petitioner's expert, we deem it appropriate to remit this matter to Supreme Court in order that the court may make explicit findings regarding the effect, if any, of the cited errors on the overall value assigned to the property and to provide a further explanation of the basis for its decision (see generally, Matter of Niagara Mohawk Power Corp., 114 AD2d 542; see also, EDPL 512; CPLR 4213 [b]).

Cardona, P. J., Casey, Weiss and Yesawich Jr., JJ., concur. Ordered that the decision is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.