■ In the Matter of the Acquisition of Real Property by ADIRONDACK HYDRO DEVELOPMENT CORPORATION. ADIRONDACK HYDRO DEVELOPMENT CORPORATION, Respondent; WARRENSBURG BOARD AND PAPER CORPORATION, Appellant, et al., Respondents. [624 NYS2d 672] —Crew III, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered March 5, 1993 in Warren County, which, in a proceeding pursuant to EDPL article 5, determined the compensation due claimant Warrensburg Board and Paper Corporation as a result of petitioner's acquisition of real property.

Petitioner acquired the land and flowage rights at issue in this proceeding via eminent domain for the purpose of developing and operating a hydroelectric power plant, and claimant Warrensburg Board and Paper Corporation (hereinafter claimant) filed a claim seeking compensation for the appropriation of its land. Following a nonjury trial, Supreme Court adopted the valuation approach offered by petitioner's expert and valued the property at $191,500 at the time of the taking.

On appeal, this Court rejected claimant's assertion that the appraisal report offered by petitioner's expert was fundamentally flawed and found no error, per se, in Supreme Court's decision to credit the testimony and report offered by petitioner's expert (205 AD2d 925). Noting, however, that the report admittedly contained certain errors, we deemed it appropriate to remit this matter to Supreme Court in order to give the court the opportunity to make additional findings regarding the effect, if any, of such errors on the overall value assigned to the property by petitioner's expert and to provide this Court with further guidance as to the basis for its decision.

Supreme Court has since provided this Court with such additional findings, and the matter is once again before us for review.

As a starting point, we are satisfied that Supreme Court's written decisions in this matter provide a sufficiently detailed basis for rejecting the valuation approach adopted by claimant's expert *(see generally, Matter of County of Dutchess [285 Mill St.],* 186 AD2d 891). We are similarly persuaded that the record before us supports Supreme Court's determination that the errors contained in the appraisal report of petitioner's expert are inconsequential and do not, in the final analysis, undermine the value petitioner's expert placed upon the subject property.

With respect to the issue of adjusting for inflation between 1981 and 1989 (representing the various comparable sales dates), we noted in our prior decision that claimant's expert testified that such an adjustment would be appropriate and that petitioner's expert did not offer a reason for failing to do so (205 AD2d 925, 926-927, *supra).* It is apparent from a review of Supreme Court's supplemental decision, however, that it did not credit the testimony offered by claimant's expert in this regard and, as we made clear in our prior decision, credibility determinations are committed to the sound discretion of the trial court *(see, supra,* at 926, citing *Brooks v Cheon,* 142 AD2d 867, 868). Moreover, our further review of the record reveals that other than making the blanket assertion that such an adjustment would be appropriate, claimant's expert did not offer any additional, detailed testimony on this issue and, hence, we have no quarrel with Supreme Court's decision to disregard his assertions on this point. As to the incorrect "improvements" adjustment for sale HP-5, we noted in our prior decision that correcting this adjustment would appear to have little, if any, effect upon the overall valuation figure and, accordingly, accept Supreme Court's similar conclusion in this regard.

In sum, we are satisfied that the determination reached by Supreme Court in this matter is both adequately explained and supported by the record as a whole. Accordingly, Supreme Court's judgment should be affirmed. Claimant's remaining arguments have been examined and found to be lacking in merit.

Cardona, P. J., Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.