■ In the Matter of NIAGARA MOHAWK POWER CORPORATION, Respondent-Appellant, v ASSESSOR OF THE TOWN OF MINETTO et al., Appellants-Respondents. [634 NYS2d 292] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memoran-

dum: Petitioner challenges the assessment at its hydroelectric facility in the Town of Minetto for tax years 1991, 1992 and 1993. Supreme Court properly dismissed the petition with respect to the value of the land. Petitioner's expert witness conceded that he had based his appraisal on information given to him by representatives of petitioner that there was not enough water "to generate power on the site in and of itself". Other witnesses testified to the contrary that petitioner was drawing at least 40 cubic feet per second of water from the canal and it was not disputed that the facility had been operated as a hydroelectric facility since 1915. The court properly rejected the land appraisal because it was based upon a misunderstanding of the facts. Petitioner, therefore, failed to make out a prima facie case that the land value portion of the assessment was erroneous (see, Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena, 146 AD2d 851, 853, lv denied 74 NY2d 604; Matter of Xerox Corp. v Ross, 71 AD2d 84, 89, lv denied 49 NY2d 702).

With respect to the value of improvements, the parties agreed that the appropriate method of calculating that value was Reproduction Cost New Less Depreciation (RCNLD). The parties' calculations of the Reproduction Cost New (RCN) figure did not differ significantly; however, the depreciation rates used by the parties did. The court, after accepting respondents' RCN figure, concluded that the depreciation rates used by both parties were inappropriate and searched the record for a "reasonable" depreciation rate. In setting depreciation rates for each of the tax years in question, the court relied on figures that petitioner had submitted in its renewal application to the Federal Energy Regulatory Commission (FERC), including net book value. Net book value "is not the appropriate standard to be applied in determining the value of specialty property in New York" (Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven, 202 AD2d 32, 39, lv denied 85 NY2d 809; see, Matter of Allied Corp. v Town of Camillus, 80 NY2d 351, 357, rearg denied 81 NY2d 784). Additionally, the court's reliance upon the FERC application ignores the stipulation of the parties that the RCNLD method would be used. Because the court did not make findings of fact using the RCNLD method in determining the value of improvements, we remit the matter to Supreme Court to make that determination.

Respondents contend that petitioner's appraisal should have been stricken because petitioner's expert improperly relied on the erroneous land value appraisal. That contention is without merit. There is no prohibition on separate valuations of land

and improvements. Respondents' reliance upon *Matter of Stoneleigh Parkway v Assessor of Town of Eastchester* (73 AD2d 918, *lv denied* 49 NY2d 705) is misplaced. There, the appraiser used the income approach that relied in part on the value of land. Here, the valuation of improvements using the RCNLD method did not involve the value of the land. We further conclude that the court did not err in rejecting the contention of petitioner that its license renewal application would be denied. That contention was based on speculation and is not supported by the record. Finally, the court properly did not consider the "regulatory environment"; the possibility that onerous conditions would be imposed by regulatory agencies is speculative. (Appeals from Order of Supreme Court, Oswego County, Nicholson, J.—Tax Certiorari.) Present—Denman, P. J., Fallon, Wesley, Doerr and Boehm, JJ.