■ KANE-MILLER CORPORATION, Appellant, v PAUL SALKIN et al., Respondents, et al., Defendants. [641 NYS2d 446] —Crew III, J. Appeals (transferred to this Court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Hickman, J.), entered April 7, 1994 in Putnam County, which determined certain defendants' percentage of deficiency in a mortgage foreclosure action, (2) from an order of said court, entered July 13, 1994 in Putnam County, which found the value of the real property and calculated the amount of the deficiency to be entered against defendants Paul Salkin and Nesrin Bingol Salkin, and (3) from the judgment entered thereon.

In October 1985, defendants Olin L. West, Katherine Kane, Joseph R. Solanto and Diane H. Solanto purchased a tract of commercial real estate located in the Town of Patterson, Putnam County. On April 18, 1990, West and Kane jointly and severally executed a mortgage note in favor of plaintiff in the amount of $336,500, which was secured by a mortgage on the subject property. The Solantos executed a similar note and mortgage in plaintiff's favor on February 1, 1991, with the mortgage note specifically providing that it "[was] being executed to evidence the joint and several obligation of the makers to pay the same $336,500.00 indebtedness owed to [plaintiff] by [West and Kane], dated April 18, 1990. All parties are jointly and severally liable for a single total indebtedness of $336,500."

The two mortgages were then consolidated and, by indenture/deed dated February 1, 1991, West and Kane conveyed their interest in the property to defendants Paul

Salkin and Nesrin Bingol Salkin (hereinafter collectively referred to as defendants). According to the terms of the deed, the conveyance was made and accepted subject to the mortgage executed by West and Kane *and* the mortgage executed by the Solantos, each securing the principal sum of $336,500, as consolidated. The deed also contained an "assumption clause" which provided that: "[Defendants] hereby assume[ ] and agree[ ] to indemnify [West and Kane] from and against one half of the unpaid principal balance of the West-Kane [f]irst [m]ortgage which amount so assumed by [defendants] is the amount of $168,250.00, plus interest * * * and [defendants] hereby execute[ ] and acknowledge[ ] this deed for the purpose of assuming the obligations of [West and Kane] pursuant to the [c]onsolidated [f]irst [m]ortgage, pursuant to its terms and conditions."

The responsible parties thereafter ceased making payments, and plaintiff subsequently commenced a foreclosure action against West, Kane, the Solantos and defendants. Ultimately, a judgment of foreclosure was entered and plaintiff purchased the property at a foreclosure sale for $225,000.* Thereafter, in November 1993, plaintiff moved to confirm the report of sale and for a deficiency judgment against defendants pursuant to RPAPL 1371 in the amount of $162,805.63, representing the difference between the appraised value of the property as of the time of sale ($260,000), as determined by plaintiff's expert, and the judgment of foreclosure ($422,805.63). Defendants opposed this application contending, *inter alia*, that the property in question should be valued at between $325,000 and $350,000.

By order entered April 7, 1994, Supreme Court, in interpreting the assumption clause, concluded that defendants were not obligated to pay the entire $162,805.63 deficiency judgment but, rather, only one half of that amount. A hearing was thereafter held to determine the value of the property and, by order entered July 13, 1994, Supreme Court valued the parcel at $275,000. A deficiency judgment subsequently was entered in favor of plaintiff in the amount of $73,902.81, plus interest. These appeals by plaintiff followed.

There must be a reversal. Initially, we agree with plaintiff that Supreme Court plainly erred in its interpretation of the relevant assumption clause. Insofar as is relevant to this appeal, General Obligations Law § 5-705 provides that: "No grantee of real property shall be liable upon any indebtedness

---

* Plaintiff subsequently assigned the judgment of foreclosure, any sums deriving therefrom and all rights and interest in pursuing any litigation to Stanley Kane.

secured by a mortgage thereon executed prior to the time of the conveyance of the real property to the grantee, nor shall he [or she] be liable for any deficiency that may remain upon the foreclosure and sale of real property covered by such a mortgage * * * unless such grantee shall simultaneously with the conveyance to him [or her] of such real property *execute and acknowledge * * * a statement in writing stating in substance that such grantee assumes and agrees to pay such mortgage debt and giving the specific amount of the debt assumed.* The execution and acknowledgement by a grantee of the deed of conveyance to him [or her] containing such written statement shall be sufficient compliance with the provisions of this section" (emphasis supplied). As noted previously, the deed executed by defendants contains such a statement, clearly evidencing defendants' intent to assume one half of the principal balance of the consolidated mortgage ($336,500), and specifies the amount of the debt so assumed, to wit, $168,250. Accordingly, the deed satisfies the requirements of and is entirely consistent with General Obligations Law § 5-705 and, as such, plaintiff is entitled to recover the entire deficiency judgment ($162,805.63) from defendants, plus interest.

With respect to the value assigned to the property by Supreme Court, although we cannot say that Supreme Court abused its discretion in ordering a hearing on this issue, we agree with plaintiff that the valuation figure selected by Supreme Court ($275,000) is not supported by the record. Plaintiff's expert placed the value of the parcel in question, which includes approximately 2.7 acres of land and is improved by a house and a barn, at $260,000. The value of the barn, which plaintiff's expert characterized as "fairly dilapidated", was determined to be 5% of the entire value of the property, or approximately $13,000. Defendant's expert, who had little to no experience in appraising commercial properties, valued the property at between $325,000 and $350,000. With respect to the barn, defendant's expert testified, without elaboration, that "the barn would contribute substantially more to the value of the property than just five per cent".

In arriving at a valuation figure, Supreme Court concluded that the appraisal submitted by plaintiff's expert more accurately reflected the then-existing market conditions but, for reasons not apparent from the record, nonetheless enhanced the value of the property by an additional $15,000, apparently crediting defendant's expert's belief that the barn was worth more than 5% of the overall value of the property. To be sure, "there can be no serious dispute that in a nonjury trial,

evaluating the credibility of the respective witnesses and determining which of the proffered evidence was most credible are matters committed to the trial court's sound discretion" (*Matter of Adirondack Hydro Dev. Corp. [Warrensburg Bd. & Paper Corp.]*, 205 AD2d 925, 926). Supreme Court, however, offered no explanation for its apparent rejection of the testimony of plaintiff's expert regarding the value to be assigned to the barn, nor did the court provide any basis for its decision to enhance the value of the property by an additional $15,000 (*see, supra*, at 926-927). As the record before us fails to support an appraised value in excess of the $260,000 figure arrived at by plaintiff's expert, there is no purpose to be served in remitting this matter for a further explanation as to the basis for Supreme Court's decision (*cf., supra*). Accordingly, Supreme Court's valuation figure must be rejected.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order entered April 7, 1994 is modified, on the law, without costs, by reversing so much thereof as held that defendants Paul Salkin and Nesrin Bingol Salkin were liable for only one half of the outstanding deficiency judgment, and, as so modified, affirmed. Ordered that the order entered July 13, 1994 is reversed, on the law, without costs. Ordered that the judgment entered September 8, 1994 is modified, on the law and the facts, without costs, by reversing so much thereof as (1) denied a motion by plaintiff's assignee to fix the fair and reasonable market value of the property in question at $260,000, and (2) denied a motion by plaintiff's assignee for a deficiency judgment in the amount of $162,805.63; said motions granted and judgment is entered in favor of plaintiff's assignee in the amount of $162,805.63, plus interest; and, as so modified, affirmed.