■ TOWN OF WEBB, Respondent, v SISTERS REALTY NORTH CORP. et al., Appellants, et al., Respondents. [645 NYS2d 233] —Judgment unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Since the mid-1950s, respondents Sisters Realty North Corp., Sisters Realty South Corp., Little Safford Corp., Box 29 Corp., TND North, Inc., and TND South, Inc. (Sisters), owned a parcel of land totaling 8,796 acres in the Town of Webb (Town) near the Village of Old Forge. The land is located within the Adirondack Park and its use is regulated by the Adirondack Park Agency (APA). Sisters leased out four hunting camps and removed timber from the property. Beginning in 1968, the Town leased a portion of the land from Sisters to use for snowmobile trails. In 1986 the Town used its powers of eminent domain to appropriate 7,545 acres of the land for snowmobile trails.

In the fall of 1993, a trial was held on the issue of just compensation. Sisters' appraiser concluded that the highest and best use of the property was for development of seasonal and year-round residences, and determined that Sisters had suffered a loss of $13,375,900. The Town's appraiser concluded that the highest and best use of the taken property was recreational, and valued the property at $150 per acre, to which he added the value of the timber and the hunting camps, for a total value of $1,176,627. Supreme Court rejected Sisters' evidence of highest and best use on the ground that it was too

speculative, and valued the property at $200 per acre, to which it added the value of the timber and the hunting camps, for a total value of $1,553,650.

Sisters argue that the court erred in admitting the testimony of various rebuttal witnesses called by the Town because those witnesses had not submitted rebuttal reports in accordance with 22 NYCRR 202.61 (a) (2). We agree with the Town that the testimony of those witnesses was properly admitted to rebut the direct testimony of Sisters' witnesses concerning factual issues not contained in their appraisal reports.

Sisters also argue that the court erred in reopening the cross-examination of Daniel Christmas, a rebuttal witness for Sisters, to allow him to be questioned concerning his conclusion about the value of the property and in admitting his report into evidence over Sisters' objection. His conclusion that the land was worth $200 per acre was contained in the report, which he had prepared for a former employer around the time of the taking because his employer was interested in purchasing the property.

The court erred in reopening cross-examination and in admitting the report. Christmas, a real estate developer who had been trained as a forester, was not qualified as an appraiser nor did he testify as one; the subject matter of his direct testimony was restricted to the issue of the suitability of the comparables utilized by the Town's appraiser. Indeed, the court specifically held that the witness could not give direct testimony on the issue of value. Thus, the court erred in allowing cross-examination on the issue of land value because the witness was not qualified so to testify and because it exceeded the scope of his direct testimony. Moreover, although the court indicated that it was admitting the report for impeachment purposes, the court then relied upon the report for several of its findings of fact and adopted Christmas' conclusion from the report that the land was worth $200 per acre.

We reject the argument of the Town that the report was properly admitted as a business record. The opinions of a witness who is not qualified to testify "do not become admissible merely by appearing in a business record" (Prince, Richardson on Evidence § 8-308, at 607 [Farrell 11th ed]; *see also, Stevens v Kirby*, 86 AD2d 391, 396).

Because the report was improperly admitted, the court erred in relying upon it in its findings of fact and conclusions of law. A new trial is not necessary, however, because both sides were given ample opportunity to offer evidence of value. We therefore remit the matter to Supreme Court to make new

findings without reference to the report (*see, Matter of Niagara Mohawk Power Corp. v Assessor of Town of Minetto,* 221 AD2d 910).

We agree with the court that Sisters failed to meet their burden of demonstrating that a change in the use of the property was reasonably probable within the near future (*see, Matter of Rochester Urban Renewal Agency v Lee,* 83 AD2d 770) or of proving that there are consequential damages to the retained parcel (*see, Mil-Pine Plaza v State of New York,* 72 AD2d 460, 464). We have examined Sisters' remaining challenges to the Town's expert evidence and conclude that they lack merit. (Appeal from Judgment of Supreme Court, Herkimer County, Shaheen, J.—Condemnation.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Davis, JJ.