■ In the Matter of CITY OF NEWBURGH, Appellant-Respondent, v KARL F. KIRCHNER, Respondent-Appellant. [651 NYS2d 100] —In an eminent domain proceeding to condemn certain property, the petitioner, City of Newburgh, appeals from (1) so much of an order of the Supreme Court, Orange County (Palella, J.), dated April 18, 1995, as denied its motion to reject the Referee's report awarding the claimant additional compensation and granted the branch of the claimant's cross motion which was to confirm the Referee's report, and (2) a judgment of the same court, entered August 1, 1995, which is in favor of the claimant and against it in the principal sum of $556,500. The claimant cross-appeals from (1) so much of the order dated April 18, 1995, as denied the branch of his cross motion which was to modify the Referee's report, and (2) so much of the same judgment as is in favor of him and against the City of Newburgh in the principal sum of only $556,500.

Ordered that the appeal and cross appeal from the order are dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

In a condemnation case, the measure of damages is "the fair market value of the condemned property in its highest and best use on the date of the taking" *(Matter of City of New York [Franklin Record Ctr.], 59 NY2d 57, 61; see also, Gold-Mark 35 Assocs. v State of New York, 210 AD2d 377, 378)*. Generally, the best evidence of such value is "a recent sale of the subject property between a seller under no compulsion to sell and a buyer under no compulsion to buy" *(Matter of Allied Corp. v Town of Camillus, 80 NY2d 351, 356; Matter of Meditrust v Fahey, 226 AD2d 999; Matter of Gazza v New York State Dept. of Envtl. Conservation, 217 AD2d 202, 209; Gold-Mark 35 Assocs. v State of New York, supra; Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven, 202 AD2d 32, 36)*. However, "a recent sale of such subject property is not relevant to the question of value if it is established that such sale was 'abnormal' and, therefore, not reflective of market value" *(Gold-Mark 35 Assocs. v State of New York, supra, at 378; see also, Hardele Realty Corp. v State of New York, 125 AD2d 543)*.

In the instant case, as noted by the Referee, "no substantial contradictory testimony was ever offered by the City" to the pertinent opinion of the claimant's appraiser, which was supported in the record. Accordingly, the claimant successfully demonstrated that the price he paid for the subject property was not dispositive of the issue of value on the date of condemnation. We further agree with the finding of the Referee that the claimant failed to meet the burden of demonstrating that a change in the zoning of the subject property was reasonably probable in the near future *(see, Town of Webb v Sisters Realty N. Corp., 229 AD2d 942)*.

The parties' remaining contentions are without merit. Goldstein, J. P., Altman, Florio and Luciano, JJ., concur.