■ In the Matter of the Acquisition of Real Property by the TOWN OF GUILDERLAND. TOWN OF GUILDERLAND, Respondent; ANTHONY J. PIETROSANTO et al., Appellants. [700 NYS2d 287] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Lang, Jr., J.), entered September 15, 1998 in Albany County, which, *inter alia*, in a proceeding pursuant to EDPL article 5, granted petitioner's cross motion to file and serve an amended or supplemental appraisal report.

In January 1994, claimants initiated a proceeding seeking damages for real property in the Town of Guilderland, Albany County, acquired from them in August 1993 by petitioner to reconfigure Rapp Road, now known as Crossgates Mall Road. Petitioner filed its original appraisal in 1995 and claimants, having obtained an extension of time to file (*see*, 244 AD2d 604), filed their report in April 1996. Claimant's appraisal valued the property at $115,000 and petitioner's appraisal valued it at $204,200.

Claimants contend that petitioner's appraisal constitutes an admission that they sustained damages of $204,200 and since claimants do not possess any evidence demonstrating that their damages exceed this sum, summary judgment in their favor is appropriate. The argument is specious. The appraisal report is

---

\* On appeal, respondent does not argue that petitioner's house was not owner-occupied under the earlier ordinance.

not in itself evidence; its function is to enable adequate and intelligent preparation of the issues for trial (*see, Homer v State of New York*, 36 AD2d 333, 335, *affd* 30 NY2d 723) and to limit expert testimony at trial (*see*, 22 NYCRR 202.61 [e]). It is not intended as a substitute for evidence (*see, Homer v State of New York, supra*). A trial is required to place the appraisal reports and other evidence before the trier of fact to establish the value of the property taken. As claimants have not carried their burden of demonstrating the absence of a triable material fact issue, summary judgment was not warranted.

Nor is there merit to claimants' suggestion that Supreme Court erred in permitting petitioner to file a supplemental appraisal incorporating claimants' sale, in 1997 for $550,000, of the remaining 1.2 acres of their land which had not been acquired by petitioner. Given that this ostensibly arm's length transaction occurred after petitioner's appraisal was filed, it cannot be said that the failure to include it was due to inadvertence or oversight (*see, Matter of Iroquois Gas Transmission Sys. [Eufemia]*, 227 AD2d 713, 715). And notwithstanding claimants' conclusory assertion that this sale was irrelevant, we find that Supreme Court's decision granting petitioner's motion was a prudent one (*see, id.; see also*, 22 NYCRR 202.61 [a] [3]).

Mikoll, J. P., Mercure, Peters and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.