Matter of City of New York (2004 NY Slip Op 50052(U))

[*1]

Matter of City of New York

2004 NY Slip Op 50052(U)

Decided on January 15, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 15, 2004

Supreme Court, Kings County
In the Matter of The CITY OF NEW YORK, relative to acquiring title in fee simple and other interests in certain real property not heretofore acquired for CROWN HEIGHTS 4TH AMENDED URBAN RENEWAL PLAN - (Weeksville Sites 2A, 2B, 2C, 2D) located in the area generally bounded by Rochester Avenue, Bergen Street, Ralph Avenue and St. Marks Avenue in the Borough of Brooklyn, City and State of New York.
Index No. 45962/99

ABRAHAM G. GERGES, J.
The following papers numbered 1 to 9 read on this motion:
 Papers Numbered
Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) Annexed 1 - 4 
Opposing Affidavits (Affirmations) 5 
Reply Affidavits (Affirmations) 6 - 8
 Affidavit (Affirmation) 
Other Papers Amendment to Claimant's Appraisal Report 9 

Upon the foregoing papers, the City of New York (the City) moves for an order precluding claimant 292 Buffalo Realty Corp. from introducing into evidence its appraisal report, dated August 20, 2002, with regard to Damage Parcel 17, Block 1356, Lot 37 (the subject property). Claimant moves for an order: (1) allowing it to file and exchange an amended appraisal report, (2) allowing it to file and exchange photographs of the five comparable properties set forth in its report so as to comply with 22 NYCRR 202.60 (3) and 22 NYCRR 202.61 (a) (3), and (3) scheduling a pretrial conference so that counsel can be directed to stipulate to the facts which are not in dispute or to agree upon the submission of a statement of facts. Facts and Procedural BackgroundThe subject property consists of a one-story commercial building, located on the corner of Buffalo Avenue and St. Marks Place on the border of the Crown Heights, Brownsville, and Bedford Stuyvesant areas of Brooklyn that was leased to a tenant who utilized it as a mini super market. The City acquired title to the property in this condemnation proceeding on January 27, [*2]2000. Claimant, the prior owner of Damage Parcel 17, filed a fee claim for compensation.
In their appraisal reports, the City valued the property at $70,000 as of the date of the taking; claimant's appraisal valued the property at $199,000 as of August 20, 2002. The City made an advance payment of $70,000 to claimant on December 2, 2002. The parties were unable to agree upon the value of the subject property, a note of issue was served on July 10, 2003, and a trial date has been set.
The Parties' Contentions
In support of its motion, the City argues that the amount of damages to which a claimant is entitled in a condemnation proceeding must be measured as of the date of the taking of the property. Thus, since claimant's appraisal report values the subject property more than two and one-half years after that date, it is defective as a matter of law and should be precluded. In addition, the report violates 22 NYCRR 202.60 (g) (3) in that it makes conclusory statements of value which are completely unsupported by factual evidence, justification, or analysis. More specifically, the City asserts that the report suffers from numerous deficiencies, including: (1) the failure to offer the source or means by which it arrives at the amount of income claimed; (2) the failure to offer any comparable rents; (3) the failure to explain how the terms and conditions of a lease executed for the premises in 1996 is indicative of the market value as of the date of vesting; (4) the failure to indicate the method employed to derive the capitalization rate of 10% that was utilized; and (5) the failure to explain how a replacement cost of $175,620 was calculated. The City further argues that claimant's value, as premised upon a market analysis, is also unpersuasive, since the report fails to include photographs of the five comparables, as is required pursuant to 22 NYCRR 202.60 (g) (3), it provides no analysis of the properties, and it fails to make any adjustments.
In response, claimant seeks to amend its appraisal report to value the subject property at $197,000, instead of $199,000, as of January 27, 2000, instead of August 20, 2002, and to include photographs of its comparables.[FN1] In support of its application, claimant argues that it has good cause to amend its appraisal report because it is entitled to just compensation for the subject property in accordance with the requirements of the Constitutions of the United States and the State of New York. Thus, claimant asserts that the City is not acting in good faith and is violating the controlling constitutional provisions in seeking to preclude it from introducing an appraisal report and in valuing the subject property at an arbitrarily low amount. In so arguing, claimant also contends that valuing the property as of 2002 instead of 2000 is a minor technicality, which is corrected in the amended report, and hence is insufficient to support preclusion. Claimant further criticizes the City's appraisal report upon numerous grounds, including: (1) the failure to consider the existing 15-year lease for the premises, and instead [*3]basing its rental value upon three leases of dissimilar properties;[FN2] (2) the utilization of estimated operating costs; (3) the utilization of dissimilar comparables; (4) the failure to consider the 1992 purchase price of $90,000; (5) the failure to consider rising real estate prices and gentrification in the area;[FN3] and (6) the failure to consider the cost of constructing the building in 1997, when a new structure was built to replace the previously existing structure, which had been destroyed by a fire. Finally, claimant contends that any deficiencies in its appraisal report can be corrected by the evidence introduced at trial.
The Law
As contended by the City, it is beyond dispute that the measure of just compensation in an eminent domain proceeding must be fixed as of the date of the taking (Saratoga Water Servs. v Saratoga County Water Auth., 83 NY2d 205; Chemical v Town of East Hampton, 298 AD2d 419; County of Nassau v 408 Realty, 283 AD2d 644; City of Newburgh v Kirchner, 234 AD2d 364; Gold-Mark 35 Assocs., 210 AD2d 377). Indeed, it has been noted that "[i]t would be a serious departure from principle, and most unsound, to announce that fair compensation is to be determined not as of the day of taking but, instead, as of the time of trial, whenever that might happen to be" (Arlen of Nanuet v State, 26 NY2d 346, 354 - 355, rearg denied 27 NY2d 737, motion to amend remittitur denied 27 NY2d 737).
In addressing the issues raised herein, it must also be recognized that the court rules control the exchange and content of appraisal reports submitted in tax assessment and condemnation proceedings. In accordance with 22 NYCRR 202.61 (c), appraisal reports in both proceedings are subject to the same requirements.[FN4] Hence, the reports "must contain a statement of the method of appraisal relied on and the appraiser's conclusions as to the property's value, along with facts, figures and calculations by which the conclusion was reached" (Bialystock & [*4]Bloom v Gleason, 290 AD2d 607, citing 22 NYCRR 202.59 [g] [2][FN5]). "[T]he reasoning behind this rule is that a failure to disclose such facts and source materials at the appraisal stage will effectively deny opposing counsel the opportunity to adequately prepare for cross-examination" (Golub Corp./Price Chopper Operating Co. v Assessor of Town of Queensbury, 282 AD2d 962, 963, quoting Matter of Niagara Mohawk Power v Town of Bethlehem Assessor, 225 AD2d 841, 843).
Thus, an appraisal that is "no more than 'a conclusory ultimate valuation' lacking any demonstrated foundation or factual support . . . must be rejected as without probative force" (Fleetwood Maple v State, 28 AD2d1026, 1026, citing Fredenburgh v State of New York, 26 AD2d 966; see also Morio v State, 34 AD2d 845 [an appraiser's opinion that is conclusory and subjective cannot sustain an award]; cf. Gullo v Semon, 265 AD2d 656 [although petitioner's appraisal was deficient with respect to the reproduction cost less depreciation method, the appraisal was not deficient, since it contained sufficient facts, figures and calculations regarding the comparable sales method so that respondent was not prejudiced in cross-examining petitioner and the appraisal was not so complex as to require more detail than was supplied]). "In addition, the failure of claimant's appraiser to adjust comparable sales to the subject property prevents any possibility of intelligent view, and the failure to state factors upon which he based his judgment renders his testimony insufficient" (Taylor v State, 39 AD2d 984, 985, citing Morio v State of New York, 34 AD2d 845; accord Heinemeyer v State Power Auth., 229 AD2d 841, lv denied 89 NY2d 801 [report of claimants' appraiser was of no probative value under circumstances where the appraiser failed to make any adjustments in his evaluation of the comparable properties; did [*5]not locate some of the comparable properties; and did not know the details regarding such properties]; Matter of Acquisition of Real Prop. by County of Dutchess, 186 AD2d 891, 892 [an appraiser is expected to set forth his explanations and adjustments, including the necessary facts, figures and calculations to account for the adjustments]; John P. Burke Apts. v Swan, 137 AD2d 321 [failure of an appraiser to identify or adjust allegedly comparable sales to the subject property prevents any possibility of review, rendering such appraisal and supporting testimony insufficient]).
In accordance with the above discussed general principles, it has been repeatedly held that the court may properly strike a claimant's appraisal where it fails to adequately set forth the basis for an appraiser's conclusions, particularly where a claimant fails "to make out a prima facie case because of the 'omissions in question and other substantial evidentiary deficiencies in the appraisal'" (Pritchard v Ontario County Indus. Dev. Agency, 248 AD2d 974, 974, lv denied 92 NY2d 803, quoting Matter of Orange & Rockland Utils. v Williams, 187 AD2d 595, 596; accord Ames Dept. Stores v Assessor of Town of Greenport, 276 AD2d 890 [trial court did not err in striking an appraisal pursuant to 22 NYCRR § 202.59 (g) (2) where it was without ascertainable or verifiable data supporting the appraiser's conclusion of value, since such omission constituted violation of the regulation requiring a statement of the method of appraisal relied on and the conclusions as to value reached by expert, together with facts, figures and calculations]; see also Gullo, 265 AD2d 656; Niagara Mohawk Power v Town of Bethlehem Assessor, 225 AD2d 841).
As is also relevant here, 22 NYCRR 202.61 (a) (3) provides that:

"Upon application of any party upon such notice as the court in which the proceeding is pending shall direct, the court may, upon good cause shown, relieve a party of a default in filing a report, extend the time for filing reports, or allow an amended or supplemental report to be filed upon such conditions as the court may direct."
Although the rule does not define good cause, it has been held that inadvertence, oversight, or the desire merely to introduce an additional appraiser's theory does not constitute good cause (see Salesian Soc. v Village of Ellenville, 98 AD2d 927, citing Matter of Consolidated Edison Co. v State Bd. of Equalization & Assessment, 83 AD2d 355, affd 58 NY2d 710; Binghamton Urban Renewal Agency v Levene, 34 AD2d 241; accord Niagara Mohawk Power v Peryea, 102 AD2d 986). Similarly, leave to file a supplemental appraisal report has been denied under circumstances where "no convincing reason is given why the appraisal could not also have included therein whatever 'additional factual support' or 'greater detail' she now seeks to proffer by way of a supplemental appraisal" (Matter of Acquisition of Country Knolls Water Works, 229 AD2d 859, 860).[FN6]
[*6]Discussion
As a threshold issue, the court rejects claimant's contention that its determination to value the subject property as of August 20, 2002 constitutes a minor technicality, since the above discussed case law unequivocally establishes that property taken in a condemnation proceeding must be valued as of the date of the taking. Moreover, while it is true that an appraisal report is not in itself evidence, such report functions to enable adequate and intelligent preparation of the issues for trial (see In re Town of Guilderland, 267 AD2d 837; Homer v State of New York, 36 AD2d 333, 335, affd 30 NY2d 723). Thus, as is provided by 22 NYCRR 202.61 (e), "[u]pon trial, all parties shall be limited in their affirmative proof of value to matters set forth in their respective appraisal reports. Any party who fails to file an appraisal report as required by this section shall be precluded from offering any appraisal testimony on value." Accordingly , since claimant failed to value the subject property as of the date of taking in its report, it is precluded from offering such evidence at trial. In this regard, the court also notes that in seeking to amend its appraisal report to value the property as of the date of taking, claimant implicitly concedes that its original report is lacking in probative value on the grounds that it used an improper valuation date.
In the alternative, claimant's report fails to comply with 22 NYCRR 202.60 (g) (3), since it is conclusory in nature and fails to set forth the factual premises upon which its valuation is predicated. As is particularly relevant in this regard, the report fails to explain the basis for the capitalization rate utilized, fails to explain how the replacement cost was calculated, fails to describe the comparables in any way, and fails to make adjustments for the differences between the comparables and the subject property. Thus, its appraisal is deficient in this regard as well. Accordingly, contrary to claimant's assertion, the court declines to conclude that its appraisal, taken as a whole, substantially satisfies the requirements of 22 NYCRR 202.61 (c) or that the deficiencies may properly be corrected at trial (cf. Thompson v Erie County Indus. Dev. Agency, 251 AD2d 1026).
Claimant similarly fails to establish good cause to amend its appraisal report. In so holding, the court rejects the only argument offered by claimant, i.e. its assertion that good cause exists because it believes that the City's valuation is arbitrarily low. In the first instance, claimant offers no statutory authority or case law precedent in support of its position. Moreover, if such a standard were to be applied, all demands for leave to supplement an appraisal would be granted, thereby rendering 22 NYCRR 202.61 (a) (3) a nullity, since a claimant would not prepare a supplemental appraisal report in anticipation of trial if the condemnee did not believe that the condemnor's appraisal and/or offer was unjustly low.
Claimant's assertion that the City relied upon dissimilar comparables also fails to establish good cause to amend its appraisal. It is well settled that "[t]he suitability of comparable sales, absent legal error, is a matter for resolution by the trial court" (Matter of City of New York, 98 AD2d 166, 190 -191, citing Argersinger v State of New York, 32 AD2d 708, 709; Yonkers [*7]Realty Assoc. v State of New York, 52 AD2d 1014, 1015; Sapia v State of New York, 33 AD2d 821). Further, "[d]ifferences between the subject property and alleged comparables are the proper subject of adjustment by expert witnesses, and the degree of comparability becomes a question of fact" (Martin v State, 33 AD2d 599, 600, citing Kastelic v State of New York, 29 AD 2d 803). Accordingly, if claimant is successful in establishing that the City's appraisal is not adequately supported, its remedy is to convince the court at trial that the appraisal should be rejected, since credibility determinations are committed to the sound discretion of the court (see generally Morris v Crawford, 304 AD2d 1018 [supreme court is vested with the authority to choose among conflicting expert opinions]; Chemical v Town of East Hampton, 298 AD2d 419 [supreme court could reasonably reject the opinion of the plaintiff's appraiser]; North Colonie Cent. School Dist. v State, 257 AD2d 727 [the court was properly permitted to strike the engineer's testimony, to decline to adopt the main premise underlying claimant's appraisal, and to accept an alternate method of arriving at a total value for the subject property by adjusting each of his comparables]; Matter of Acquisition of Real Property by County of Warren, 244 AD2d 615 [credibility determinations pertaining to the expert opinions offered by the parties' appraisers are committed to the sound discretion of the court]; Matter of Adirondack Hydro Dev., 214 AD2d 813 [credibility determinations are committed to the sound discretion of the trial court]; see generally City of New York v Estate of Levine, 196 AD2d 654, appeal dismissed 84 NY2d 864, lv denied 88 NY2d 803; Consolidated Edison Co. v Neptune Assocs., 190 AD2d 669).
Similarly, claimant cannot persuasively argue that it became aware of the correct date for valuing the subject property or of the need to discuss the details regarding the valuation and the comparables only after its original report was filed (see generally Matter of Iroquois Gas Transmission Sys., 227 AD2d 713 [trial court did not err in refusing to allow petitioner's appraiser to amend his report during the trial to reflect a purportedly new discovery regarding the size of the property, since the record failed to establish good cause for the amendment where claimants' original damage claim and their appraisal report both indicated the correct size and petitioner's appraiser was in receipt of a letter from claimants' attorney stating that fact]; cf. In re Town of Guilderland, 267 AD2d 837 [supreme court did not err in permitting petitioner to file a supplemental appraisal incorporating claimants' sale of the remaining acreage of their land which had not been acquired by petitioner in view of the fact that the sale was an arm's length transaction that occurred after petitioner's appraisal was filed, so that it cannot be said that the failure to include it was due to inadvertence or oversight]).
Also significant is the fact that claimant's amended appraisal report offers no factual or empirical basis for its determination that the value of the subject property increased by $107,000 between the date of purchase in 1992 and 2000, but only increased by $2,000 between January 27, 2000 and August 20, 2002. In fact, this assertion is facially inconsistent with counsel's assertion that property values in the general area increased between 200% and 400% during that period (see generally Matter of Adirondack Hydro Dev., 214 AD2d 813 [supreme court could properly discredit the testimony of claimant's expert with respect to the issue of adjusting for inflation, particularly since further review of the record revealed that other than making the blanket assertion that such an adjustment would be appropriate, claimant's expert did not offer any additional, detailed testimony on this issue]). Further, while the amended report does adjust the value between the subject property and the comparables, it is deficient in that the appraiser [*8]fails to include "' the necessary facts, figures and calculations to account for [those] adjustments' that he did make" (Bell v Village of Poland, 281 AD2d 878, 879, quoting Matter of County of Dutchess, 186 AD2d 891, 892).
Claimant's motion must also be denied in accordance with 22 NYCRR 202.21, which rule pertains to the filing of a note of issue and certificate of readiness [FN7]. Herein, the City served its note of issue on July 10, 2003; claimant did not seek permission to file a supplemental appraisal report until October 15, 2003. Thus, in order to obtain permission for further discovery, claimant is required to establish that additional discovery is necessary because unusual or unanticipated circumstances have developed (see e.g. Rodriguez v Sau Wo Lau, 298 AD2d 376; Perla v Wilson, 287 AD2d 606; Aviles v 938 SCY, 283 AD2d 935; Audiovox v Benyamini, 265 AD2d 135). Claimant has failed to make any such showing (see e.g. Francis v. Board of Educ. of the City of Mount Vernon, 278 AD2d 449 [supreme court providently exercised its discretion in denying that branch of the plaintiffs' motion, made after the plaintiffs filed a note of issue and certificate of readiness, which was to compel the defendant to provide additional disclosure, since plaintiffs failed to offer any evidence of unusual or unanticipated circumstances that developed subsequent to the filing requiring additional pretrial proceedings to prevent substantial prejudice]; cf. Karakostas v Avis Rent A Car Sys., 306 AD2d 381 [unusual or unanticipated circumstances sufficient to allow respondent to pursue additional discovery were present under circumstances where plaintiff served a supplemental response to discovery indicating for the first time that plaintiff would call an expert to testify about plaintiff's disability and lost future earnings after the filing of the note of issue]; see generally James v New York City Tr. Auth., 294 AD2d 471 [defendants waived their right to conduct physical examinations of the injured plaintiff by their failure to move to vacate the note of issue within 20 days after service of it and the certificate of readiness]).
Conclusion
For the above stated reasons, the City's motion to preclude claimant from introducing into evidence its appraisal report valuing the subject property as of August 20, 2002 is granted. Claimant's motion to file and exchange an amended report valuing the property as of the date of taking is denied. The parties are directed to appear before the court for a final pre-trial conference on March 12, 2004, at 10 a.m., at which time the court will address the issue of limiting the issues to be tried.
The foregoing constitutes the decision and order of the court.
E N T E R
[*9] J. S. C.
Decision Date: January 15, 2004
Footnotes

Footnote 1: It is noted that the City's motion was served upon claimant on August 27, 2003 and made returnable on September 12, 2003; claimant served an affirmation in opposition on September 4, 2003. Thereafter, by order to show cause dated October 15, 2003, claimant first sought affirmative relief.

Footnote 2: A review of a copy of the lease annexed to the papers indicates that claimant and its tenant entered into a 15-year lease for the subject property on July 20, 1996 and that pursuant to its terms, claimant would have derived $292,800 in rental income thereunder from the date of the taking through the date of expiration of the lease. 

Footnote 3: In support of this contention, counsel alleges, in conclusory fashion, that the City's determination that the subject property decreased in value between the date of purchase and the date of taking is incredible, since real estate values in the New York City area appreciated 200% to 400% during the period that claimant owned the property. 

Footnote 4: 22 NYCRR 202.61 (c), which pertains to eminent domain proceedings, provides that:
"The contents and form of each appraisal report, including any rebuttal, amended or supplementary report, shall conform to the requirements of sections 202.59 (g) and 202.60 (g) of this Part."

Footnote 5: 22 NYCRR 202.59 (g) (2), which pertains to appraisal reports in tax assessment review proceedings in counties outside the City of New York, provides that:
"The appraisal reports shall contain a statement of the method of appraisal relied on and the conclusions as to value reached by the expert, together with the facts, figures and calculations by which the conclusions were reached. If sales, leases or other transactions involving comparable properties are to be relied on, they shall be set forth with sufficient particularity as to permit the transaction to be readily identified, and the report shall contain a clear and concise statement of every fact that a party will seek to prove in relation to those comparable properties. The appraisal reports also may contain photographs of the property under review and of any comparable property that specifically is relied upon by the appraiser, unless the court otherwise directs."
The language of 22 NYCRR 202.60 (g) (3), which pertains to tax assessments review proceedings in the counties within the City of New York, is identical, except that the final sentence provides that "[t]he appraisal reports also shall contain photographs of the property under review and of any comparable property that specifically is relied upon by the appraiser, unless the court otherwise directs."

Footnote 6: While a more liberal rule has been applied where an extension of time in which to file an initial report is sought, since "the obvious and severe hardship that accrues to the offering party as a result of rejection of that report namely, preclusion of the introduction of 'any appraisal testimony on value,'" (Matter of Acquisition of Real Property by Town of Guilderland, 244 AD2d 604, 734-735, citing 22 NYCRR 202.61[e]; Matter of G.T.I. Co. v Assessor & Assessment Bd. of Review of City of Kingston, 88 Misc 2d 806, 809; see also In re Honess 52, 295 AD2d 429), application of a more liberal rule herein is not warranted, since claimant is seeking to serve and file a supplemental or amended appraisal report

Footnote 7: 22 NYCRR 202.21 (d) provides, in relevant part, that:
"Where unusual or unanticipated circumstances develop subsequent to the filing of a note of issue and certificate of readiness which require additional pretrial proceedings to prevent substantial prejudice, the court, upon motion supported by affidavit, may grant permission to conduct such necessary proceedings."